TIDEWATER OIL SALES CORPORATION, Respondent, *v.* STEWART S. PIERCE, Appellant.

First Department, July 6, 1925.

**Bills and notes — action by payee to recover face of promissory note — motion by plaintiff for summary judgment — rule as to granting summary judgment — defense alleges that plaintiff is not holder in due course and for value and also fraud and misrepresentations — defendant's affidavits substantiated defense — issue raised by answer — summary judgment should not have been granted.**

The test of a motion by a plaintiff for summary judgment in an action on a promissory note is whether the pleadings, affidavits and exhibits in support of the motion are sufficient to overcome the opposing papers and to justify a finding, as a matter of law, that there is no defense to the action. In this regard, the plaintiff has to sustain the burden of submitting convincing proof by affidavit or otherwise, that the answer is sham, and that there is no real defense nor any real issue to be determined.

In this action summary judgment should not have been granted on plaintiff's motion, since it appears that the defendant alleges that the plaintiff is not a holder in due course and for value, and that the note in question was given through fraudulent misrepresentations on the part of the plaintiff, which allegations are supported by facts alleged in the answer and in affidavits in opposition to plaintiff's motion. The answer supported by defendant's affidavits shows that defendant has a meritorious defense, and that there is an issue presented as to whether or not there were fraud and misrepresentations on the part of the plaintiff, and that issue must be tried by a jury.

MERRELL, J., dissents.

APPEAL by the defendant, Stewart S. Pierce, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of August, 1924, granting plaintiff's cross-motion to strike out defendant's answer and for summary judgment, and also from a judgment entered in said clerk's office on the 9th day of September, 1924, pursuant to said order.

*John F. Thomas,* for the appellant.

*Harold W. Evens,* for the respondent.

BURR, J.:

Plaintiff has recovered a judgment under rule 113 of the Rules of Civil Practice and defendant appeals therefrom.

The action is based on a promissory note made by the defendant to the order of the plaintiff, dated January 11, 1924, and due March 11, 1924. The note was not paid on the due date and this action was brought to recover the sum of $400, the face value of the note. The essential allegations in an action on a note are alleged in the complaint.

The defendant in his answer admits the making and delivery of the note in suit, as well as its presentation for payment; but disclaims liability, alleging that plaintiff is not the owner and holder of the note in due course and for value; and by way of separate defense alleges that on November 11, 1922, he made a note in the sum of $900 to one Harry G. Schlee, and that thereafter and before maturity of said note he paid to the said Schlee the sum of $400 on account of said note. It further appears by said answer that before maturity said note for $900 was assigned to the plaintiff herein, and that in June, 1923, the defendant was sued by the plaintiff on said $900 note. The answer alleges that the defendant, relying upon the representation of the plaintiff that it was the owner and holder of said $900 note in due course, settled the action on said note by the payment of $500 in cash and executed a note for $400 to the order of the plaintiff, which note was due January 11, 1924; that thereafter a renewal note was given by defendant, which fell due March 11, 1924. This is the note now in suit.

The defendant further alleges in his answer that on or about the 16th day of February, 1924, he was notified that the plaintiff was not the holder in good faith of the said $900 note, but that the plaintiff herein had merely an equitable interest through assignment in and to said note. The answer then sets up facts tending to allege fraud and misrepresentation on the part of the plaintiff with reference to the institution by it of the action on the $900 note. Defendant then demands judgment dismissing the complaint and judgment on the counterclaim for $500 paid, as well as equitable relief for the cancellation and return of the notes.

Affidavits are submitted in opposition to plaintiff's motion for summary judgment which tend to show facts to substantiate the defense and counterclaim alleged in the answer.

The test of a motion for summary judgment is whether the pleadings, affidavits and exhibits in support of the motion are

sufficient to overcome the opposing papers and to justify a finding as a matter of law that there is no defense to the action. In this regard the plaintiff has to sustain the burden of submitting convincing proof by affidavit or otherwise that the answer is sham and that there is no real defense nor any real issue to be determined.

I am of the opinion that the defendant has a meritorious defense and that there is an issue presented as to whether or not there were fraud and misrepresentations on the part of the plaintiff, as alleged by the defendant. There is no justification for depriving a party of a trial on the facts where such issue is apparent from the papers. Assuming that the facts presented by the pleadings and affidavits in support of and in opposition to the motion were testified to in court, a direction of a verdict would not be justified because of the conflict of the evidence, and under these circumstances the issue would be for the jury and not the court to determine as a matter of law.

The order of the lower court granting summary judgment was improper. The defendant should have an opportunity to establish his claim, on which he has the burden, by a trial on all the issues. He may not be deprived of his right to a trial by a jury where there is such a conflict in the proof as is shown in the instant case.

The judgment and order should be reversed, with costs, and the motion denied, with ten dollars costs.

Clarke, P. J., Finch and Martin, JJ., concur; Merrell, J., dissents.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.