## UNITED STATES v. STEPHANIDIS et al.

District Court, E. D. New York.

Feb. 24, 1930.

See, also, 41 F.(2d) 960.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Alfred C. McKenzie, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Charles R. Hickox and Clement C. Rinehart, both of New York City, of counsel), for John D. Stephanidis.

Henry Mayer, of New York City, for Stephen D. Stephanidis.

CAMPBELL, District Judge.

This is a motion made by the plaintiff to dismiss the first and second counterclaims set forth in the answer of the defendant Stephen D. Stephanidis, on the ground that the court has not jurisdiction of said counterclaims and for summary judgment in favor of the plaintiff for the relief demanded in the complaint, pursuant to Rule 113 of the Rules of Civil Practice of the state of New York, on the ground that the defendants Stephen D. Stephanidis and John D. Stephanidis have no defense in this action, and that the answers of said defendants are frivolous and sham.

The defendant Stephen D. Stephanidis pleads as first and second counterclaim damages alleged to have been suffered because of a breach of warranty in the sale to him by the plaintiff of the steamship Kilpatrick.

The defendant John D. Stephanidis pleads by way of separate and distinct defenses, first, release as surety on the bond executed by him to the plaintiff to secure payment of part of the purchase price of the said steamship Kilpatrick because of breach of contract by plaintiff of the contract made between it and the defendant Stephen D. Ste-

phanidis in the sale of the steamship Kilpatrick, and, second, discharge from liability by the execution of an extension and supplemental contract without his knowledge and consent.

Said rule 113 reads as follows:

"Rule 113. Summary judgment. When an answer is served in an action to recover a debt or liquidated demand arising,

"1. on a contract, express or implied, sealed or not sealed; or

"2. on a judgment for a stated sum; the answer may be struck out and judgment entered thereon on motion, and the affidavit of the plaintiff or of any other person having knowledge of the facts, verifying the cause of action and stating the amount claimed, and his belief that there is no defense to the action; unless the defendant by affidavit, or other proof, shall show such facts as may be deemed, by the judge hearing the motion, sufficient to entitle him to defend."

As is seen, this rule provides that the answer may be stricken out and judgment entered on motion on the affidavit of the plaintiff or of any other person having knowledge of the facts.

This motion, of course, cannot be made on an affidavit by the plaintiff, and therefore must be made on the affidavit of some other person having a knowledge of the facts, and it seems quite clear to me that the Assistant United States Attorney, on whose affidavit this motion is made, is not a person having a knowledge of the facts, as that description of the affiant is found in said rule. I do not, however, desire to simply deny this motion on that ground, but will also consider the real question of whether a defense is interposed.

I am not vested with power under that rule to try and determine this action, but only to determine whether there is a meritorious issue to be tried. Curry v. Mackenzie, 239 N. Y. 267, 269, 146 N. E. 375; Tidewater Oil Sales Corporation v. Pierce, 213 App. Div. 796, 210 N. Y. S. 759.

The court is asked to dismiss the counterclaims pleaded by the defendant Stephen D. Stephanidis on the ground that the court has not jurisdiction of said counterclaims.

Primarily, I suppose that this is based on the proposition that under the Tucker Act (28 USCA § 41, par. 20), the jurisdiction of this court is limited to a recovery of $10,000 against the government, but this was not an action brought against the government, but an action brought by the government against the defendants; and, even if the United States Attorney be right in his contention that no affirmative judgment could be had in the action at bar against the government (which I do not hold), yet, the government having submitted itself to the jurisdiction of this court, the defendants would at least be entitled to set-off if the counterclaims were established. United States v. Wilkins, 6 Wheat. 135, 5 L. Ed. 225; Gratiot v. United States, 15 Pet. 336, 10 L. Ed. 759; United States v. Bank of the Metropolis, 15 Pet. 377, 10 L. Ed. 774; United States v. Skinner & Eddy Corporation (C. C. A.) 35 F.(2d) 889; United States v. The Thekla, 266 U. S. 328, 45 S. Ct. 112, 69 L. Ed. 313; The Gloria (D. C.) 286 F. 188.

Involved in the defense and counterclaim of breach of warranty are questions of fact which are raised by the answering affidavit, which I am not satisfied by the moving papers are so far overcome as to warrant my holding at this time that no real issue is tendered in such counterclaim or defense.

Furthermore, as to the giving of notice of the claim for breach of warranty, there is no form prescribed, and I cannot on the affidavits hold that no such notice was given, although on the trial, when the evidence is presented, the matter can be determined.

As to the defense that the defendant John D. Stephanidis is discharged from liability by the execution of an extension and supplemental contract, I cannot say that a meritorious defense is not pleaded, because it may be held that the extension and supplemental contract was not an extension as the same is described in the bond, but a new contract with different terms and greater obligations, and, if so found, then a question of fact would be presented as to the knowledge and consent of the defendant John D. Stephanidis.

The duty and power of the court on this motion is not to decide the case, but simply to determine whether a real issue has been presented by the answers of the defendants, which they are entitled to try, and whether the answers are not frivolous and sham.

I believe such an issue is tendered, and that the answers are not frivolous or sham, and that the case should be tried. Motion denied.