THE PEOPLES WAYNE COUNTY BANK, Plaintiff, *v.* POWER CITY TRUST COMPANY, Defendant.

Supreme Court, Niagara County, April 14, 1933.

*Brown, Ely & Richards,* for the plaintiff.

*Franchot, Runals, Cohen, Taylor & Rickert,* for the defendant.

HORTON, J.  This is a motion for summary judgment for plaintiff under rule 113 of the Rules of Civil Practice.  The transactions giving rise to the action were between predecessors of the parties, which will be referred to as plaintiff and defendant.  The action is brought upon an indorsement by defendant of a cashier's check issued by plaintiff on November 6, 1925, to the order of one Andrew Karch, a depositor of the plaintiff.  Karch had been murdered on November 1, 1925, but his body was not discovered for many weeks.  In the meantime his murderers had possessed themselves of his bank book, had come to Niagara Falls, and one of them, Peter Kosmoff, after practicing forgery of the victim's handwriting, wrote a letter to the plaintiff, requesting the forwarding of $1,435.  The plaintiff issued the cashier's check in question, which Kosmoff presented to the defendant at Niagara Falls, requesting that an account be opened for him with the proceeds.  On account of his being unable to identify himself, the bank informed him that it would accept the check for collection and if plaintiff honored it, would open the account.  Kosmoff thereupon forged the signature of Andrew Karch upon the back of the check, which was entered in the defendant's records for collection, and the following letter was written to the plaintiff: " Mr. Andrew Karch, the holder of your cashier's check No. 32643, dated November 6th, 1925, $1435.00, payable to his order, called at this bank today and desired to open an account with us with the above mentioned check.  As he is unknown to us, an entire stranger, we could not open the account unless he was identified in some way to us.  He informed us, however, that he has been a customer of your good bank for some years, and that you could verify the signature endorsed on the back of the check, which we enclose herewith.

" If this is satisfactory to you, we will be pleased to have you forward us your New York draft for the proceeds of the above mentioned check."

Through error the indorsement stamp upon the back of the cashier's check was not the usual indorsement for collection, but an unqualified indorsement, including a guaranty of the previous signatures.  The check was honored by plaintiff, the account was opened in defendant bank and within a few days practically all withdrawn by the murderer.  Subsequently the victim's body was found, the murderer was convicted of his crime, and two and a half years later plaintiff was compelled by the courts of Michigan to pay to the victim's estate the moneys wrongfully paid upon this

check. This action is brought to recover from defendant upon the indorsement and guaranty of Karch's signature.

The considerations which should control the granting of a motion of this kind are very well set forth in *Tidewater Oil Sales Corporation* v. *Pierce* (213 App. Div. 796, 797, 798), as follows: " The test of a motion for summary judgment is whether the pleadings, affidavits and exhibits in support of the motion are sufficient to overcome the opposing papers and to justify a finding as a matter of law that there is no defense to the action." (See, also, *Barrett* v. *Jacobs*, 255 N. Y. 521; *Curry* v. *MacKenzie*, 239 id. 267.)

The plaintiff argues that this action is brought upon a written contract, to wit, the defendant's indorsement specifically guaranteeing prior indorsements; that its case against defendant is complete upon proof of that contract and of plaintiff's reliance thereon in paying the check, and insists that evidence of extraneous facts varying its terms cannot be considered. The defendant, on the other hand, contends that there are at least three issues which must be determined by a trial: (1) Reliance by plaintiff upon defendant's indorsement; (2) character of the indorsement, and (3) negligence of plaintiff in the issue and payment of the check.

The court is of the opinion that all three of these issues must be litigated upon the trial of this action. Since the check was issued by plaintiff in the first instance against the account of its own depositor in response to a forged letter, and since payment was made by it after defendant had requested plaintiff to verify the signature in question, an issue has been raised as to plaintiff's reliance upon defendant's indorsement in payment of the check. The issue as to the character of the indorsement is dependent upon the question whether it should be read alone or whether the contents of the letter accompanying it can be considered. The court has been able to find no case in this State squarely in point, but in *Commercial, etc., Bank Co.* v. *Citizens National Bank* (68 Ind. App. 417) the situation was almost identical, and there the court said (at p. 438): " The indorsement of the check by the Indiana bank and the slip accompanying the same, considered together, should have called the Ohio bank's attention to the fact that the indorsement did not indicate an absolute sale and transfer of the check. This, we think, must be true independent of the rule above announced, that an indorsement of a check by a party other than the payee does not apply to the signature of the drawer of the check, by which rule alone appellant would be held negligent in failing to detect a forgery of the signature of one of its own customers. It would be an unsafe rule to hold that the things done or omitted by the Indiana bank relieved the Ohio bank from all responsibility in determining the genuineness of the signature purporting to be that

of one of its depositors. By failing to detect the forgery it became absolutely responsible to its depositor, and its fault in that respect was in part, at least, responsible for the loss that, on the facts of this case, must be borne by one or the other of such banks."

And in *Bank of America* v. *Waydell* (187 N. Y. 115) our Court of Appeals has said: " It is true that the paper came to the plaintiff's hands by general indorsement from Ives & Son, but the indorsement and the letter of advice in transmission must be read together, and so reading them the legal effect was to make the indorsement restrictive and the same in character as if the contents of the letter had been incorporated in the indorsement."

Upon the above authorities the contents of the letter would seem admissible in evidence here.

The question of negligence of the depositor bank, therefore, also becomes an issue in the case. The cashier's check was issued to depositor upon forgery in the first instance. Neither this nor the subsequent forgery of the indorsement was detected by the plaintiff even after defendant had asked for comparison of the signatures, although the affidavit of plaintiff's manager is that when he made such comparison he was of opinion that the indorsement on the check was not the genuine indorsement of Andrew Karch. This seems to bring the case within the language of the opinion in *Commercial, etc., Bank Co.* v. *Citizens National Bank* (*supra*, at p. 438): " When once the door is opened to a consideration of any conduct or negligence of the parties, other than fraud, in such transactions, fairness and justice require consideration of all that was done or omitted which could in any way affect the question to be determined."

Such consideration can be had only upon a trial of these issues and the motion for summary judgment, is, therefore, denied, with costs.