670

## UNITED STATES v. LAUER.
### Civil Action No. 944.

District Court, E. D. Pennsylvania.
June 30, 1942.

Gerald A. Gleeson, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., for plaintiff.·

Henry H. Savage, of Philadelphia, Pa., for defendant.

BARD, District Judge.

On· motion to strike defendant's counterclaim. Action was brought by the United States of America to recover moneys allegedly erroneously paid to defendant in his official capacity as an engineer of the Puerto Rico Reconstruction Administration. Defendant filed an answer in defense of this claim and set up a counterclaim for breach of his contract of employment as an officer of the Puerto Rico Reconstruction Administration. Plaintiff thereupon filed the present motion to strike the counterclaim on the ground that the District Court has no jurisdiction to entertain a suit against the United States, whether in the form of an original action or of a counterclaim, in the absence of specific statutory authority.

This question has recently been considered at length and expressly passed upon by the United States Supreme Court in United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888, a case to which the brief for the government failed to refer. In that case the court resolved a conflict among the circuits in an opinion by Mr. Justice Reed holding that a counterclaim could not be maintained against the United States in the absence of statutory authority, since the United States as a sovereign is immune to actions except to the extent that it specifically consents thereto. It was squarely held that the institution of suit by the United States is not a waiver of its right to rely upon this immunity against the assertion of a counterclaim. The Supreme Court pointed out the dislocation of numerous governmental functions which would occur if the United States were forced to produce evidence and defend a counterclaim in any tribunal where it might be required to assert a claim.

Defendant has not set forth in his counterclaim a short and plain statement of the grounds upon which the court's jurisdiction depends, as is required by Rule 8(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, except in cases where the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it. Indeed, he has conceded that the Act of March 3, 1887, c. 359, Sections 1, 2, as amended, 28 U.S.C.A. Section 41(20), spe-

cifically excepts from the jurisdiction of the District Court "cases brought to recover fees, salary, or compensation for official services of officers of the United States", but contends that the bringing of an action against him by the United States permits him to assert such a claim by way of counterclaim. As has already been pointed out, however, the Supreme Court in the Shaw case ruled that this contention was invalid and that statutory authority for an action against the United States is as necessary where the action is brought in the form of a counterclaim as where it is brought in the form of an original action. Defendant has pleaded no such authority.

Motion to strike counterclaim granted.