## UNITED STATES v. LAUER.
### Civil Action No. 944.

District Court, E. D. Pennsylvania.
May 26, 1943.

Gerald A. Gleeson, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., for plaintiff.

Joseph H. Resnick, of Philadephia, Pa., for defendant.

BARD, District Judge.

This is an action by the United States of America to recover $95.32 alleged to have been illegally paid out by the Government as travelling expenses of the defendant. This case has been before me on another phase, 45 F.Supp. 670. I make the following special

### Findings of Fact.

1. The Puerto Rico Reconstruction Administration was created by Executive Order No. 7057, May 28, 1935, and Ernest H. Gruening was duly appointed Administrator thereof.

2. In February of 1936 defendant, a civil engineer, was offered a position as a structural and cement engineer in the construction of a plant in San Juan, Puerto Rico, by the Administrator.

3. The defendant accepted this offer and was appointed on February 24, 1936, at a compensation of $6,000 per annum, the agreement further providing that defendant's travel expenses to Puerto Rico and return were to be defrayed by the Puerto Rico Reconstruction Administration.

4. Travel expenses in the amount of $95.32, incurred by the defendant in going to Puerto Rico, were paid to the transportation agencies involved upon transportation vouchers filed by the defendant and duly certified for payment by the office of the Comptroller General.

### Discussion.

On February 21, 1936, the Assistant Administrator of the Puerto Rico Reconstruction Administration wrote the following letter to defendant:

"Mr. H. H. Lauer
 "Hotel Henry
 "Pittsburgh, Pennsylvania
"Dear Mr. Lauer:
 "Confirming our telephone conversation today. You will be employed by this Administration effective on February 26th, as a designing engineer and plant superintendent with headquarters in San Juan, Puerto Rico, salary $6,000.00 per year.

"It is understood that your position will be that of structural cement engineer during the construction of the plant at San Juan, and after the completion of the plant that of plant superintendent during its first year of operation at least.

"Transportation from Detroit to Knoxville, Tennessee and thence to New York will be sent you by tomorrows mail. Reservations and tickets from New York to San Juan by New York Puerto Rico Steamship Company, sailing from New York on February 29th are being arranged. Your appointment papers will be forwarded tomorrow."

On February 24, 1936, Ernest H. Gruening, Administrator of the Puerto Rico Reconstruction Administration, wrote the following letter of confirmation of appointment:

"You are hereby notified that you have been appointed as Head Administrative Officer (Designing Engineer), Grade E.O.-16, in the Puerto Rico Office of the Puerto Rico Reconstruction Administration, with compensation at the rate of six thousand dollars ($6,000.00) per annum, payable

from the appropriation—005267 'Emergency Relief Interior, Puerto Rico Reconstruction Administration, Grants to States, etc., 1935-1937', this appointment to be an emergency appointment to take effect February 24, 1936, and to terminate not later than June 30, 1937, and as part of this contract of employment travel expenses to Puerto Rico and return to Pittsburgh, Pennsylvania, upon completion of work assigned, will be defrayed by the Puerto Rico Reconstruction Administration."

Pursuant to the terms of these letters, defendant spent $95.32 for transportation to Puerto Rico, which was paid to the transportation agencies on duly certified transportation vouchers.

The action of the United States to recover these payments from defendant is based on the contention that the Administrator of the Puerto Rico Reconstruction Administration exceeded his authority under the law in making a contract to pay defendant compensation in excess of the maximum salary of $6,000 per annum established by law for the position to which defendant was appointed, for the reason that travel expenses to defendant's first duty station were not properly allowable to him. Section 1765 of the Revised Statutes, 5 U.S.C.A. § 70, relied upon by the plaintiff, provides: "No officer in any branch of the public service, or any other person whose salary, pay, or emoluments are fixed by law or regulations, shall receive any additional pay, extra allowance, or compensation, in any form whatever, for the disbursement of public money, or for any other service or duty whatever, unless the same is authorized by law, and the appropriation therefor explicitly states that it is for such additional pay, extra allowance, or compensation."

In my opinion there is no merit, legal or moral, to the plaintiff's contention.

The Puerto Rico Reconstruction Administration was authorized on April 8, 1935 by joint resolution of the Congress, 49 Stat. 115, § 3 of which provides in part: "In carrying out the provisions of this joint resolution the President may (a) authorize expenditures for contract stenographic reporting services; supplies and equipment; purchase and exchange of law, books, books of reference, * * *; travel expenses, including expense of attendance at meetings when specifically authorized;

rentals * * *; printing and binding; and such other expenses as he may determine necessary to the accomplishment of the objectives of this joint resolution; and (b) accept and utilize such voluntary and uncompensated services, appoint, without regard to the provisions of the civil-service laws, such officers and employees, and utilize such Federal officers and employees, and with the consent of the State, such State and local officers and employees, as may be necessary, prescribe their authorities, duties, responsibilities, and tenure, and, without regard to the Classification Act of 1923, as amended, fix the compensation of any officers and employees so appointed."

Part of the funds appropriated by this joint resolution were allocated to the Puerto Rico Reconstruction Administration, which was created by Executive Order No. 7057, dated May 28, 1935, and which appointed Ernest H. Gruening as Administrator, prescribed the functions of the Administration, and then provided: "In the performance of such duties and functions, expenditures are hereby authorized for necessary supplies and equipment; law books and books of reference, directories, periodicals, newspapers and press clippings; travel expenses, including the expense of attendance at meetings when specifically authorized by the Administrator * * *."

In view of the specific permission granted to the Administrator to pay "travel expenses" of employees of the Administration, the payment of the travel expenses in question to the defendant was not a violation of any legal restriction on the amount of compensation paid to defendant unless "travel expenses" as used in the joint resolution and in the Executive Order necessarily exclude expenses of travel to the employee's first duty station. This is directly contrary to the interpretation of the order by the Administrator himself. Taking into consideration the character of the position offered to defendant, the considerable distance defendant would be obliged to travel to arrive at and return from the place where his services were to be rendered, and the fact that the contract was for a period not to exceed sixteen months, I am not convinced that the words "travel expenses", under these particular facts and circumstances, must be limited to those travel

expenses incurred by the defendant after arriving at his first duty station.

I make the following

### Conclusions of Law.

1. The Administrator of the Puerto Rico Reconstruction Administration did not exceed his authority in contracting to pay defendant's expenses in travelling to his first duty station at Puerto Rico, in addition to a salary of $6,000.

2. Judgment is entered for the defendant.