**UNITED STATES v. BORIS.**

No. 16120.

United States District Court, E. D. Pennsylvania.

May 10, 1954.

As Amended June 9, 1954.

W. Wilson White, U. S. Atty., Philadelphia, Pa., for plaintiff.

Malis, Malis & Malis, Philadelphia, Pa., for defendant.

WELSH, District Judge.

The within suit was brought by the United States to recover $1,667.25 allegedly owing to it on account of a series of business transactions with the defendant. In his counterclaim defendant avers that he is entitled to $1,903.45 over and above the amount due the United States. The United States has moved to dismiss defendant's counterclaim on the ground that in a suit against the United States in this Court an affirmative judgment on the counterclaim cannot be obtained against the United States.

1. It is agreed defendant would have the right to maintain an original suit against the United States based on facts alleged in the counterclaim herein. 28 U.S.C. § 1346(a) (2). However, the right to sue the United States in an original suit does not carry with it the right in a suit brought by the United States to obtain an affirmative judgment on a counterclaim. It is fundamental that such a right must be expressly provided for by statute. Significantly, the statute gives the United States the right to assert a counterclaim (as asserted here by the defendant) in a suit brought against it under 28 U.S.C. § 1346 (a)(2) but said statute fails to confer a reciprocal right on a defendant in a suit brought by the United States. 28 U.S.C. § 1346 (c).

2. The defendant, under 28 U.S.C. § 2406, however, may be entitled to a credit against the United States up to the full amount of the instant claim against him. And while it is true the Court will not entertain the merits of the defendant's credit against the United States unless it is shown his claim has been presented to and disallowed in whole or in part by the General Accounting Office or that said Claim is within the enumerated exceptions of the Section, the failure of the defendant to allege such a showing is not fatal. This is so for the reason that compliance with the requirements of the Section is a matter of evidence and may be shown at the trial.

3. As we view the situation then, the defendant at the trial is authorized to introduce facts to establish he is entitled to a credit against the United States in an amount equal to or less than the sum claimed by the United States provided he first establishes compliance with

the requirements of 28 U.S.C. § 2406. But he is not authorized to assert in his counterclaim any amount beyond the amount claimed by the United States for to do so an affirmative judgment on the counterclaim against the United States might result, as to which the United States has not given its consent.

■ 4. We conclude, therefore, defendant's counterclaim will be dismissed insofar as it seeks to recover any sum in excess of the sum claimed by the United States and said counterclaim will not be dismissed insofar as it seeks to recover any sum equal to or less than the sum claimed by the United States.

5. Defendant will be granted leave to amend his counterclaim so that it may conform with the foregoing opinion.