**UNITED STATES of America,**
**Plaintiff,**

v.

**UNITED STATES TIN CORPORA-**
**TION, Defendant.**

**No. A–4113.**

District Court, Alaska,
Second Division, Nome.

Jan. 26, 1957.

---

Russell R. Hermann, U. S. Atty., Nome, Alaska, for plaintiff.

W. L. Gibbon, Seattle, Wash., James A. von der Heydt, Nome, Alaska, for defendant.

HODGE, District Judge.

Plaintiff brings this action to foreclose real and chattel mortgages executed by the defendant corporation as security for payment of 56 promissory notes aggregating $2,841,258, alleging default in the payment thereof in the sum of $2,760,024.07, plus interest thereon. Defendant by its answer admits the execution of the notes and mortgages, admits partial payment only of principal and interest, but denies any balance due and owing by it, and by way of "cross-complaint" sets up three defenses or claims against the Government, which are in reality counterclaims and will be treated as such, alleging damages totaling $17,000,000, for which judgment is sought against the United States in the sum of $13,500,000. The first count alleges in substance that the United States through its properly designated agencies orally and in writing agreed to suspend performance under the contract when any cause beyond the reasonable control of the contractor made it impossible for the Company to operate, and that the United States in manipulating the price of tin caused such price to drop to a point below which the contractor could operate, in abrogation of its agreement to protect the contractor in such event. The second count alleges a breach of claimed oral and written statements of the United States under such contract to negotiate to reduce or increase the contract price of tin metal, compelling the defendant to operate at a loss and suspend its business. The third

count alleges certain representations by the Government agencies relating to developing the Company's lode properties in the interest of the security of the United States, promises to make available funds for the exploration and expansion of its properties on such terms as would enable it to successfully operate and yield a fair return to its stockholders, and in substance that the Government failed in such promises by controlling all of the operations of the defendant, but that despite such "deliberate attempts" to wreck the Corporation, it could have succeeded had the Government negotiated the contract price of tin according to its promises.

Plaintiff has moved to dismiss all three counter-claims upon the grounds that they fail to state a cause of action against plaintiff upon which relief may be granted, and that such claims exceed the jurisdiction of the court to enter judgment against the plaintiff or grant the type of relief requested.

■ It is a fundamental principle that the District Courts have no authority to entertain either a suit or a counter-claim against the United States in the absence of specific statutory authority to maintain such action. United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; United States v. U. S. Fidelity & Guaranty Co., 309 U.S. 506, 60 S.Ct. 653, 84 L. Ed. 894; Nassau Smelting & Refining Works v. United States; 266 U.S. 101, 45 S.Ct. 25, 69 L.Ed. 190.

Jurisdiction to entertain these counter-claims may only be conferred upon this court by the provisions of the Tucker Act, Act of June 25, 1948, as amended, being a revision of the Act of March 3, 1887, Sec. 1346(a), Title 28 U.S.C.A., which provides that the District Courts shall have original jurisdiction, concurrent with the Court of Claims, of

"Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

This Act has been held applicable to the District Court for the District of Alaska. United States v. King, 119 F.Supp. 398, 14 Alaska 500.

Decisions of the courts are in conflict as to the application of this permissive statute to counter-claims. Some hold that the court lacks jurisdiction to entertain such. United States v. Nipissing Mines Co., 2 Cir., 206 F. 431; United States v. Lauer, D.C., 45 F.Supp. 670; and other district court decisions following the Nipissing rule. Others hold that no affirmative relief or judgment may be entered against the United States under such Act. United States for Use of Mutual Metal Mfg. Co. v. Biggs, D.C., 46 F.Supp. 8; United States v. Joseph Behr & Sons, D.C., 110 F.Supp. 286; United States v. Boris, D.C., 122 F.Supp. 936.

■ A more liberal view is adhered to in a majority of the more recent decisions, holding that in an action by the Government for the amount due the United States the defendant may set up by way of defense or counter-claim an amount owing to him for breach of warranty or other breach of a contract obligation, to the extent at least of applying such as a set-off, which rule has been recognized and adopted in this jurisdiction. United States v. Stephanidis, D.C., 41 F.2d 958; United States v. Silverton, 1 Cir., 200 F.2d 824; United States v. Biggs, supra; North Dakota-Montana Wheat Growers Ass'n v. United States, 8 Cir., 66 F.2d 573, 92 A.L.R. 1484; United States v. Skinner & Eddy Corp., 9 Cir., 35 F.2d 889; United States v. King, supra, 119 F.Supp. at page 404.

■ However, I find no authority for the allowance of any such counter-claim beyond the jurisdictional limit of $10,000 established as to the District Courts by the Tucker Act, as contended by defendant. In the case of the United States v. Shaw, supra [309 U.S. 495, 60 S.Ct. 662], the Supreme Court holds that against the background of immunity of suit

against the United States the court finds no Congressional action modifying the rule in favor of cross-actions "beyond the amount necessary as a set-off" and reversed a judgment of the lower court allowing a claim in the probate court of the State of Michigan exceeding the $10,000 limit. In United States for Use of Mutual Metal Mfg. Co. v. Biggs, supra [46 F. Supp. 11], the counter-claim discussed was under $10,000 and this limit was not discussed, but the court held that it could not exceed its "specifically defined jurisdiction" of suits under the Tucker Act. In United States v. Stephanidis, supra, the amount of the set-off or counterclaim is not shown, but the opinion also states that the jurisdiction of the Court is limited to a recovery of $10,000. In United States v. Silverton, supra [200 F.2d 826], the amount involved was under $10,000, but the opinion further states

> "But it is clear that the United States, by filing its original complaint against the defendant * * did not thereby consent to be sued on a counterclaim based upon a cause of action as to which it had not otherwise given its consent to be sued."
> (Citing United States v. Shaw, supra.)

In the case of the United States v. Skinner & Eddy Corp., supra, the Court of Appeals of the Ninth Circuit expressly found that the District Court was without jurisdiction to determine a claim of the shipbuilding company in excess of $10,000, since the Court of Claims had exclusive jurisdiction where the amount involved exceeded that sum. In the Alaska case of the United States v. King, supra, the amount involved was less than $10,000 and this question did not arise. See also North Dakota-Montana W. G. Ass'n v. United States, supra, which holds that the Tucker Act is not sufficient permission to entertain a counter-claim against the United States in excess of $10,000 and that there was no other statute which would warrant exercise of jurisdiction by the District Court in such instance; and In re Greenstreet, Inc., 7 Cir., 209 F.2d 660, which holds that jurisdiction of a claimed set-off against the Government in excess of $155,000 could not be based on the Tucker Act, in view of the fact that the amount claimed was beyond the consent granted by such Act.

Defendant does not claim a set-off, but that the cross-complaint states causes of action for damages based upon "Alleged wrongful acts" of the United States. If it be the theory of defendant that such claims are founded in tort, then no jurisdiction is conferred upon this court under the express exclusion of the Tucker Act. United States v. Silverton, supra. Nor does the court have jurisdiction under the Tort Claims Act, for the Government's consent to be sued under such Act contains a specific exception of any claim based upon an act or omission of an employee of the Government in execution of a statute or regulation, or based upon exercise or performance of a discretionary function or duty on the part of a Federal agency, or upon misrepresentation, deceit, or interference with contract rights. 28 U.S.C.A. § 2680(a,. h); United States v. Silverton, supra.

Moreover, the first and second counts of the "cross-complaint" may be construed to assert claims of breach of warranty or breach of contract relating to the contract obligations sued upon; but the third claim appears to be based largely upon tort. It is also held that the United States, by bringing suit to foreclose a mortgage insured by the Federal Housing Administration, did not give its consent to be sued upon a counter-claim sounding in tort, for alleged misconduct. of the Administration. Waylyn Corp. v. United States, 1 Cir., 231 F.2d 544.

Defendant cites United States v. Johnson, 9 Cir., 153 F.2d 846, as authority for the right of the defendant to waive the recovery of sums in excess of the $10,000 limit, and suggests that such may be waived in this instance and that the excess of the jurisdictional amount is not grounds for dismissal. However, in the cited case the prayer for relief was for only $10,000, although the damages were claimed to be in excess of that amount,. which is not true in this case.

■ Finally, the defendant questions the remedy of the plaintiff by motion to dismiss, claiming that it is not clear from the motion as to which rule is relied upon and suggesting that the matter should be raised by responsive pleading. Clearly, under the provisions of Rule 12(b), F.R. Civ.P. 28 U.S.C.A., the defense in law of lack of jurisdiction over the subject matter or lack of jurisdiction over the person may at the option of the pleader be made by motion, which is the situation here.

■ The motion to dismiss the three counts of the "cross-complaint" is granted, with leave to the defendant to amend its answer setting up such claim as it may lawfully have against the United States by way of counter-claim or set-off for any alleged breach of contract or breach of warranty upon the part of the agencies of the United States, to the extent only of the jurisdictional limit of $10,000; and without prejudice to the right of the defendant to assert any other claim or demand which it may have in the Court of Claims of the United States.

By reason of the fact that defendant's local counsel is absent and other counsel are located at Seattle, Washington, defendant may have thirty days in which to amend.