**TAFT HOTEL CORPORATION, Plaintiff,**

v.

**HOUSING AND HOME FINANCE AGENCY et al., Defendants.**

**Civ. No. 7130.**

United States District Court
D. Connecticut,
Civil Division.

May 7, 1958.

Leo. E. Sherman, Norwalk, Conn., for plaintiff.

Donald F. Keefe, New Haven, Conn., for defendants, New Haven Redevelopment Agency and City of New Haven.

Simon S. Cohen, U. S. Atty., Dist. of Conn., Hartford, Conn., W. Paul Flynn, Arthur Thomas, Asst. U. S. Attys., Dist. of Conn., New Haven, Conn., for defendant, Adm'r of Housing and Home Finance Agency.

ANDERSON, District Judge.

This is an action to restrain the Housing and Home Finance Agency and its administrator from furnishing financial assistance to the New Haven Redevelopment Agency for the proposed Church Street Redevelopment Project insofar as that project includes the erection of a three hundred room, air-conditioned hotel. Joined as defendants with the administrator and the federal agency are the individual members of the New Haven Redevelopment Agency and the City of New Haven.

At issue, on the three motions before the Court at this time, are the sufficiency of service on Albert W. Cole, Administrator of the Housing and Home Finance Agency, the question of venue, and the plaintiff's standing to bring this action.

The process instituting this action was served upon Albert W. Cole, Administrator of the Housing and Home Finance Agency, in Washington in the District of Columbia and not in the District of Connecticut. Unless there is express authorization by a federal statute for service of process upon governmental officers or agencies outside of the district, copies of the summons and complaint must be served within the territorial limits of the state in which the district court is held. Rule 4(f), Federal Rules of Civil Procedure, 28 U.S.C.A. There is no such special statutory authorization provided for actions brought against the administrator of the Housing and Home Finance Agency and the general provision of the statutes concerning the agency which authorize the administrator to sue or be sued is not sufficient for this purpose. Moore's Federal Practice, 2nd Edition, Vol. 2, page 998, Section 4.29. While an action properly brought may be maintained against the administrator, the statutes do not authorize Housing and Home Finance Agency, as distinct from the administrator, to sue or be sued.

Since neither the federal agency nor its administrator are before this Court as defendants, the question of venue is not properly before the court. But as the plaintiff principally relies upon a decision of this court in Sigona v. Slusser, D.C., 124 F.Supp. 327, to support its claim of venue, it should be noted that Sigona is distinguishable from the present action because here there is no showing that the administrator was carrying on business in this district within the meaning of the federal venue statutes. 28 U.S.C. Section 1391. The plaintiff has no standing to bring this action either as a taxpayer or as one who claims that a new hotel in the City of New Haven would be a potential source of economic injury to it through unreasonable competition. Alabama Power Co. v. Ickes, 302 U.S. 464, 58 S.Ct. 300, 82 L.Ed. 374; Kansas City Power & Light

Co. v. McKay, 96 U.S.App.D.C. 273, 225 F.2d 924. Nor does the Administrative Procedure Act, 5 U.S.C.A. Section 1009 (a). provide the plaintiff with a remedy which was expressly denied in Alabama Power Co. v. Ickes, supra. Kansas City Power & Light Co. v. McKay, supra. As the complaint cannot stand against the federal agency and its administrator, there is plainly no ground upon which the action can be maintained in this court against the local defendants.

Judgment with costs may enter forthwith against the plaintiff and the action is ordered dismissed as to all defendants.