Jacob J. Schwartzwald, J.
In this action for damages predicated on misrepresentation and fraud, defendants move for summary judgment.
On or about April 22, 1954 plaintiff purchased from defendant Metro Funding Corp. a parcel of vacant land containing 11% lots on Beach 11th Street, Far Rocbaway, Queens, New York, for the agreed price of $11,000 which was paid by way of plaintiff executing and delivering to said defendant its purchase-money bond and mortgage in the said sum of $11,000. On the same date plaintiff purchased from 417 Yale Avenue Corp. a parcel of land on Beach 12th Street adjacent to the first parcel, being a plot 60 by 100 feet, for the agreed -sum of $2,750. The deed conveying the Beach 12th Street parcel to plaintiff recites that the property is subject to two building loan mortgages, each in the sum of $12,500, upon each of which mortgages there have been advanced to date the sum of $2,500. On July 26, 1954 plaintiff executed and delivered to Wonock Enterprises Corp. a second mortgage in the sum of $3,300 on the Beach 12th Street property, in which it was expressly stated that the same was . subject to two building loan agreements, each in the sum of $7,000, now liens against the premises and subject to all advances made thereon to date, or to be made, not to exceed $7,000. On August 12, 1954 plaintiff reconveyed the Beach 11th Street property to Metro Funding Corp. and this conveyance was made subject to a mortgage in the sum of $11,000. On October 6, *62 1954 plaintiff executed and delivered te» Wonuck Enterprises Corp. (second mortgagee) two third mortgagee on the Beach 12th Street property, each in the gum of $1,100, one on a part of the property and the other on the balance of the property. Each third mortgage recited that it was subject to a first mortgage in the sym of $12,500 on which there has been advanced the sum of $6,300 and an additional sum of $700 to be advanced, making a total pf $7,000, and each third mortgage was made further subject to a blanket second mortgage of $3,300. On the same date, October 6, 1954, plaintiff conveyed the Beach 12th Street property to one Dolores Veazey and plaintiff’s deed recited that the property was subject to a first mortgage V1 the sum of $25,000 (two mortgages $12,500 each), on which there has been advanced the sum of $14,000, and also subject to a blanket second mortgage in the sum of $3,300, and also subject to two third mortgages in the total sum of $2,200 ($1,100 each).
In the instant action plaintiff alleges that it was misled by defendant Metropolitan Title Guaranty Company in the purchase of the Beach 12th Street property, in that at the time of closing title it was not aware that the property was encumbered by- the building loan mortgages and that it obligated itself to the said mortgages far in excess of the value of the vacant land.
Plaintiff further alleges that there was a $2,500 mortgage on the Beach 12th Street property which was to he satisfied from a contemplated building loan agreement and that when this $2,500 mortgage was satisfied, the $11,000 purchase-money mortgage on the Beach 11th Street property was to he correspondingly reduced. The basis for this arrangement is not made clear nor is any further explanation given for it.
In its complaint plaintiff alleges that it expended $14,000. in improving the Beach 12th Street property which, in addition to the purchase price of $2,750, represented a total investment of $16,750that it received $5,282 from defendant Metropolitan Title Guaranty Company on the two building loan mortgages and as a result thereof it was damaged to the extent of $11,468 on the Beach 12th Street property j that it was further damaged to, the extent of $2,500 on the Beach 11th Street property because of defendants’ failure to reduce, the $11,000 purchase-money mortgage by that amount and give credit to the plaintiff therefor-. As an additional item of damages plaintiff alleges it lost $2,500 profit on the Beach 12th Street property through defendants’ fraud.
In their affidavit in siipport of the motion for summary judgment, defendants annex thereto and make a part thereof photo* static copies of all the instruments involved in the transactions *63 above recited, particularly the deeds into and out of plaintiff and the mortgages executed by plaintiff. In addition thereto, defendants annex photo static copies of both sides of all checks payable to or on behalf of plaintiff from the proceeds of the building loan mortgages and these checks total the sum of $4,500 on each building loan mortgage, for a total of $9,000. Defendants’ affidavit clearly discloses the probable transactions between the parties and in view of the plaintiff’s answering-affidavit which in no way refutes, denies or overcomes defendants’ averments and exhibits, I can only conclude that defendants’ motion should be granted. All the allegations of the •complaint are belied or negated by defendants’ affidavits and exhibits. Plaintiff’s own acts subsequent to the original transaction, as disclosed by defendants’ proof which is not rebutted in the opposing affidavit, warrant the inference that plaintiff’s cause of action is without merit.
I agree with defendants’ contention that plaintiff either knew of the mortgages originally Or if it did not know of them originally it learned Of them in a short time and continued to receive and accept payments under them and adopted them and certified them as correct.
“ A shadowy semblance of an issue is not enough to defeat a motion for summary judgment. Bule 113 of the Buies of Civil Practice would serve no useful purpose if frivolous and transparently insufficient proofs * * * were held to create a triable issue ”. (Hanrog Distr. Corp. v. Hanioti, 10 Misc 2d 659, 660.)
“ The very object of the motion for summary judgment is to separate what is formal or pretended in denial or averment from what is genuine and substantial, sd that only the latter may subject a suitor to the burden of a trial.” (Richard v. Credit Suisse, 242 N. Y. 346, 350; Osofshy v. Onondaga County Sav. Bank, 153 N. Y. S. 2d 986, 989, 990.)
Applying the language in the case of Tidewater Oil Sales Corp. v. Pierce (213 App. Div. 796, 797-798) the test of a motion for summary judgment is whether the pleadings, affidavits and exhibits in support of the motion are sufficient to overcome the opposing papers and to justify a finding as a matter of law that the cause of action is without merit. In this regard, defendants have to sustain the burden of submitting convincing proof by affidavit or otherwise that the complaint is not meritorious nor are there any real issues to be determined.
The defendants in the case at bar have met this test in a most convincing manner and their application must prevail. Motion is granted. Submit order.