UNITED STATES of America, Plaintiff,

v.

ALEUTIAN HOMES, INC., et al., Defendants.

Civ. No. A–13484.

United States District Court
D. Alaska.

April 20, 1961.

George M. Yeager, U. S. Atty., Fairbanks, Alaska, and James R. Clouse, Jr., Asst. U. S. Atty., Anchorage, Alaska, for plaintiff.

Stuart W. Hill, Portland, Or., for defendants and cross-claimants James C. Dougherty, trustee under the will of Hugh Dougherty, and Lee C. Bettinger.

HODGE, District Judge.

Plaintiff brings this action on behalf of the Housing and Home Finance Agency, an agency of the United States, to foreclose certain trust deeds given to secure a promissory note by the defendant Aleutian Homes, Inc., covering a project involving the construction of some 343 prefabricated houses in the city of Kodiak, Alaska, in the amount of $4,230,900 and for other relief. The defendants James C. Dougherty, as trustee under the will of Hugh Dougherty, and

Lee Bettinger were joined in order to foreclose any interest which they may have in the property covered by the deeds of trust. These defendants answered the complaint setting up extensive affirmative defenses by reason of a contract between the Aleutian Homes, Inc. and one Ray B. Woodbury to pay Hugh K. Dougherty 22½% of the "construction differential, moratorium (rental) payments, and tax refunds" as defined in said contract which would or might result from the completion of the project, the placement of permanent first mortgages thereon and the completion of all tax arrangements with the City of Kodiak. Hugh Dougherty assigned to Bettinger a one-half interest in said contract. Dougherty died on April 8, 1954 and his estate is being administered by James C. Dougherty.

Defendants asserted five counterclaims against plaintiff, numbered one to five, but have subsequently waived such counterclaims one, two and three. Counterclaim number four alleges breach of the "fiduciary relationship" of the United States to the claimants, by reason of which claimants lost monies they would have received out of rentals and tax refunds had the project been completed. The breaches alleged in substance are: (1) failure to perform a "completion agreement" executed between Aleutian Homes, Inc. and certain persons, firms and corporations who claim to have furnished labor, materials and services to said project, dated April 23, 1954, which was approved and accepted in writing by the H.H.F.A.; (2) failure of the H.H.F.A. to prevent alleged misappropriation of funds by Woodbury, and to enforce a guaranty executed by him; and (3) failure to complete the financing of the project according to the original loan agreement.

By counterclaim number five defendants, based upon the same affirmative defenses, claim that plaintiff is obligated to put into effect a long-range plan of amortization of the loan, to provide for payment of creditors' claims, and "save said project for the equity owners."

They pray for an accounting of the construction differential, moratorium payments and tax refunds, for judgment against plaintiff for the amount found due, and for a decree requiring the plaintiff to pay to the receiver appointed by the Court 77½ per cent of the rentals and tax refunds collected by the project manager, to be distributed by the receiver to the creditors of Aleutian Homes, Inc., in conformity to the completion agreement; and for a decree requiring plaintiff to approve and put into effect a long-range plan of amortization of said loan which will provide for the payment of all debts of Aleutian Homes, Inc. in connection with this project and "preserve fully all rights of defendants."

The completion agreement provided for completion of construction of the project, payment of creditors' claims (other than these defendants), and completion costs. Neither Dougherty or Bettinger were parties to this agreement. Defendants claim losses in excess of $250,000.

Defendants also lodged cross-claims against Housing and Home Finance Agency, Norman P. Mason, Housing and Home Finance Administrator, cross-defendant, alleging a breach of "fiduciary duty" to the defendants, and setting up substantially the same claims, asking for an accounting as to "construction differential," "moratorium (rental) payments" and "tax refunds," and judgment against H.H.F.A. for amounts found due to defendants, and for an adjudication that H.H.F.A. holds as constructive trustee for benefit of defendants, with an order for enforcement thereof by requiring the receiver to pay the total amount to defendants and cross-claimants; and moved to make the Housing and Home Finance Agency, Norman P. Mason, Housing and Home Finance Administrator, a party to this action.

The United States has moved to strike the counterclaims and the cross-claims and to deny the motion for leave to join the H.H.F.A. and Administrator.

A complete history of this unfortunate project and the difficulties encountered regarding the financing thereof which led to the completion agreement are fully set forth in an opinion of the U. S. District Court for the District of Oregon, John F. Kilkenny, Judge, in the case of Woodbury v. United States of America, 192 F.Supp. 924 to which reference is hereby made. Suffice it to say that the project failed, after numerous attempts at refinancing, when about 75 per cent complete. Woodbury was the principal stockholder and president of Aleutian Homes, Inc. A receiver was appointed by the court, who has since been in possession of the mortgaged premises.

■■ Considering first the counterclaims against the United States, defendants concede that they have no relief under the Federal Tort Claims Act (Sections 1346(b) and 2680, Title 28 U.S. C.A.), under the decision of Judge Kilkenny in the Woodbury case. If such claims are asserted instead under the Tucker Act (Section 1346(a), Title 28 U.S.C.A.) the counterclaim must be limited to $10,000. United States v. United States Tin Corporation, D.C.Alaska, 148 F.Supp. 922, 16 Alaska 634; United States v. Buffalo Coal Mining Company, D.C.Alaska, 170 F.Supp. 727. The amount of the claims is considerably in excess of the statutory limitation. It is fundamental that the United States and its agencies cannot be sued without its consent. No other authority for said counterclaims is suggested. Therefore they cannot be sustained.

■ The next question to be resolved is whether or not the Housing and Home Finance Agency or the Housing and Home Finance Administrator may be sued. The Housing and Home Finance Agency was created by Reorganization Plan Number 3 of 1947 (61 Stat. 954; Sec. 133y–16, Title 5 U.S.C.A.), which act also created the office of Housing and Home Finance Administrator as the administrative head of such agency. This act contains no provision as to suit against the agency or Administrator. By Sec. 1701g–1 of Title 12 U.S.C.A., enacted on Sept. 1, 1951, (Sec. 502 of Ch. 378, Title V, 65 Stat. 312) the Housing and Home Finance Administrator was

given the powers, functions, privileges and immunities transferred to him by Reorganization Plan 23 of 1950, 12 U.S. C.A. § 1701g note, and the same powers, functions and duties as set forth in Sec. 1749a, enacted on April 20, 1950 (Ch. 94, Title IV, Sec. 402, 64 Stat. 78). This section, relating to the powers and duties of the Administrator, provides among other things that he may "sue and be sued." Subsection (c) (3) Sec. 1749a. It is held under this section that while an action properly brought may be maintained against the Administrator, the Housing and Home Finance Agency, as distinct from its Administrator, may not sue or be sued. Taft Hotel Corporation v. Housing and Home Finance Agency, D.C., 162 F.Supp. 538; 2 Cir., 262 F.2d 307. A different conclusion was reached by the Supreme Court in the case of Federal Housing Administration Region No. 4 v. Burr, 309 U.S. 242, 60 S.Ct. 488, 492, 84 L.Ed. 724, with respect to "suit" in the nature of garnishment process against the Federal Housing Administration under a statute authorizing the Administrator, in carrying out his duties under the National Housing Act, 12 U. S.C.A. § 1702, to sue and be sued "in his official capacity," which is not germane under the statute here considered.

■ However, the existence of a "right to sue" the Administrator is not the whole issue in this case, but rather whether this particular suit is not also a suit against the sovereign and hence whether the Court has jurisdiction to entertain the cross-claims as well as the counterclaims. In determining this question, the crucial issue is whether the relief sought is relief against the sovereign, which is determined not by the party named as defendant but by the results of the judgment or decree sought to be entered. Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 695, 69 S.Ct. 1457, 93 L.Ed. 1628; R. F. C. v. MacArthur Mining Co., 8 Cir., 184 F.2d 913; State of New Mexico v. Backer, 10 Cir., 199 F.2d 426. These decisions hold that relief against the Administrator in his official capacity is also relief against the sovereign and cannot be sustained unless the United States has consented thereto. See also Seven Oaks v. Federal Housing Administration, 4 Cir., 171 F.2d 947.

■ Therefore there must be further statutory authority to confer upon this Court jurisdiction to entertain such cross-claims, for a cross-claim does not differ from an affirmative suit in respect to sovereign immunity. United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L. Ed. 888. In this case the cross-claimants seek affirmative relief by accounting and judgment which in effect would be against the United States. No statute is found creating a fund out of which a judgment against the Administrator could be paid. Thus it is apparent that the cross-claims of Dougherty and Bettinger, if reduced to judgment, could be paid only out of general funds of the U. S. Treasury. Therefore the claims can be recognizable only as an action on implied contract under the Tucker Act. As the amount of these claims is also considerably in excess of the statutory limitation, they cannot be sustained.

■ Defendants rely upon the case of Keifer & Keifer v. R. F. C., 1939, 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784, holding that the National Agricultural Credit Corporation chartered by the Reconstruction Finance Corporation by authority of the Emergency Relief and Reconstruction Act of 1932, 12 U.S.C.A. § 1148 and which is government financed and managed and is empowered to make loans, is subject to suit, although the statute creating it did not explicitly render it such, holding that such were within the corporate powers granted to the R.F.C. This case is readily distinguishable as it relates to suit against a government-created corporation, which is not regarded as a suit against the United States. See also Sloan Shipyards Corporation v. United States, 258 U.S. 549, 42 S.Ct. 386, 66 L.Ed. 762. The case of Seven Oaks v. Federal Housing Administration, supra, also relied upon, touches only upon the issue of venue and service

of process against the Administrator within the district and holds only that the Administration was to be regarded as a public corporation within the meaning of venue statutes. The issue here presented is not considered in such case. Taft Hotel Corporation v. Housing and Home Finance Agency, supra, is an action for injunction and is also distinguishable. The case of Federal Housing Administration Region No. 4 v. Burr, supra, relates to the liability of the government to garnishment. Moreover, it appears that the loans here involved were made with respect to prefabricated housing under the provisions of Reorganization Plan No. 23 of 1950, and the powers of the Administrator set forth in 12 U.S.C.A. § 1701g–2, as a critical defense program, since terminated, and were for the benefit of military and civilian personnel at the Kodiak Naval Base; and are therefore distinguishable from ordinary corporate powers and duties of lending agencies of the government in competition with private business.

 We come, then, to another important issue, and that is whether, even assuming the right to sue, the cross-claims constitute a cause of action or claim against the H.H.F.A. or the Administrator. If the cross-claims cannot stand against the federal agency and its Administrator, there is no ground upon which the action can be maintained against the Administrator. Taft Hotel Corporation v. Housing and Home Finance Agency, supra. The claims are predicated upon an alleged breach of a fiduciary trust imposed upon the government agencies. In the Woodbury case Judge Kilkenny found that if the United States Government or any branch thereof enters into a contract with an individual and does so in its private or business capacity and not as a sovereign, it submits itself to the same rules of law which govern the construction of contracts between individuals, and that the Agency, as lender, could legally occupy the legal status of a fiduciary in connection with the completion of this housing project. However, in that case the plaintiff Woodbury was a party to the completion contract upon which the suit was based, whereas in this case it is conceded that neither Dougherty nor Bettinger were parties to such contract. Therefore it is difficult to understand how they may rely upon such theory where no contractual relationship existed as to the breach claimed. It is suggested only that they are entitled to relief as "third party beneficiaries." In United States v. Huff, 5 Cir., 165 F.2d 720, 723, 1 A.L.R.2d 854, which was a suit under the Tucker Act for breach of contract of lease of lands to the United States, it is held that although the tenants were not a party to the lease, the contract provisions were drawn "with rights of the tenants in the minds of the contracting parties." To be entitled to relief as third-party beneficiaries such protection must have been in the contemplation of the parties at the time of the execution of the contract. Williston on Contracts, third edition, Vol. 2, Sec. 356 A. No such claim upon which the relief may be had as prayed for is pleaded.

The government raises a further issue as to the venue or the service of process against the Administrator within this district, but in view of the disposition of the claims on their merits this issue becomes immaterial.

It must be concluded that this Court is without jurisdiction to entertain the claims against either the H.H.F.A. or the Administrator except under the express limitation of the Tucker Act as to the Administrator, and that in any event claimants have not established the fiduciary relationship necessary to state a cause of action or claim upon which they are entitled to relief.

The motion of the plaintiff to dismiss the counterclaims must therefore be granted; and the motion of the defendants Dougherty and Bettinger to make the Housing and Home Finance Agency and its Administrator a party to this action, and to maintain the cross-claims asserted against it, must be denied. An appropriate order may be entered accordingly.