**UNITED STATES of America,**
**Plaintiff,**

v.

**SHERMAN GARDENS COMPANY,**
**Defendant.**

**Civ. No. 958–S.**

United States District Court
D. Nevada.
Nov. 8, 1967.

Joseph L. Ward, U. S. Atty., for the District of Nevada, Las Vegas, Nev., John Kopecky, Federal Housing Authority, Washington, D. C., for plaintiff.

Joseph M. Foley, Foley Brothers, Las Vegas, Nev., for defendant.

## ORDER GRANTING SUMMARY JUDGMENT AND DISMISSING COUNTERCLAIM

THOMPSON, District Judge.

The United States sued Sherman Gardens Company, a partnership, for judgment on a defaulted promissory note and for foreclosure of a deed of trust securing the note. Defendant filed an Answer and Counterclaim in which Robert J. Gordon, one of the partners joined as a party.

The subject property is a 113 unit housing project (Sherman Gardens No. 1) which was financed under the provisions of Section 221(d) (4) of Title II of the National Housing Act, 12 U.S.C. § 1715l and the loan was insured by the Federal Housing Commissioner. Upon default, it was assigned to plaintiff. There is no dispute about non-payment and default and plaintiff is entitled to summary judgment unless defendant has alleged a justiciable counterclaim within the jurisdiction of the Court or cognizable affirmative defenses.

The counterclaim on behalf of the partnership defendant pertains to the subject housing project and prays for $150,000 general damages and loss of profits for alleged misconduct of the Federal Housing Commissioner and his associated officials in issuing commitments for loan insurance on the subject housing project after certifying the economic feasibility of the project pursuant to 12 U.S.C. § 1715l (with anticipated tenant occupancy adequate to amortize the loan), and in thereafter financing additional proximately located housing projects in direct competition with defendant with terms permitting tenant rentals substantially less than those offered by defendant. This conduct is alleged to have accomplished a seizure of defendant's property interests in the housing project without just compensation or due process of law. The same conduct is relied upon as affirmative defenses to the action for judgment on the promissory note and foreclosure of the trust deed under the legal flags of "impossibility", "prevention of performance" and "commercial frustration."

On behalf of Robert J. Gordon, individually, the counterclaim alleges the same facts with respect to a companion 80 unit housing project (Sherman Gardens No. 2) which is not involved in the foreclosure action but which, allegedly, has also been "seized" as a consequence of the alleged conduct. He prays judgment for $80,000, plus loss of profits.

The counterclaim alleges that Sherman Gardens No. 1 housing project (the subject property) was completed and final "endorsement" of the note and trust deed effectuated on July 26, 1963, and that the like effective date with respect to Sherman Gardens No. 2 (Gordon's property) was August, 1964. The Complaint shows that the defaulted note and

trust deed (Sherman Gardens No. 1) were executed, acknowledged and recorded in July, 1962.

It is alleged in the Answer that the Regulatory Agreement which is part of the Deed of Trust provides that the individual members of the debtor partnership shall not be personally liable for the obligation evidenced by the note and trust deed.

■ We conclude that the counterclaim does not state a claim for relief against the United States and that if it does, this Court has no jurisdiction of the counterclaim.

■ 1. In the field of torts, the United States has not waived its sovereign immunity in cases "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused" [28 U.S.C. § 2680(a)]; and in cases "arising out of * * * misrepresentation, deceit or interference with contract rights" [28 U. S.C. § 2680(h)]. Waylyn Corporation v. United States, 1 Cir., 1956, 231 F.2d 544; United States v. Buffalo Coal Mining Co., D.C.Alaska 1959, 170 F.Supp. 727; United States v. United States Tin Corporation, D.Alaska 1957, 148 F.Supp. 922, 16 Alaska 634.

■ 2. This Court's jurisdiction of contract claims against the United States, whether asserted by original complaint or by counterclaim, is limited to claims not exceeding $10,000 in amount. 28 U.S.C. § 1346(a) (2); United States v. Shaw, 1940, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; Waylyn Corporation v. United States, supra; United States v. Buffalo Coal Mining Co., supra; United States v. Silverton, 1st Cir. 1952, 200 F.2d 824; Thompson v. United States, 4th Cir. 1957, 250 F.2d 43; United States v. United States Tin Corporation, supra.

3. The statute, 12 U.S.C. § 1715*l*, upon which counterclaimant relies as an implied condition of a contract was repealed and markedly different language substituted in 1961 by Public Law 87–70 before consummation of the transactions alleged in the Complaint and Counterclaim.

■ 4. No express contractual undertaking by the Government is alleged, and the Court cannot imply from the facts alleged a promise not to insure loans on other housing projects. Bateson-Stolte, Inc. v. United States, 1962, 305 F.2d 386, 158 Ct.Cl. 455.

■ As affirmative defenses, the assertions of impossibility, prevention of performance and commercial frustration deserve no better fate. This was a simple loan transaction. The Government did not guarantee a profitable operation or limit the source of the funds to be used to pay the loan. Cf. Deseret Apartments, Inc. v. United States, 10th Cir.1951, 250 F.2d 457; Henry Barracks Housing Corp. v. United States, 1960, 281 F.2d 196, 150 Ct.Cl. 689. Each of these defenses requires a finding of a promise or condition or purpose in a contract which one contracting party has prevented from performance or occurrence so that the contract itself cannot be executed as intended. Nothing of this sort appears expressly or by fair implication from the facts pleaded. If a lender wishes to guarantee that a debtor will have the money to pay the debt when it falls due, we assume he could do so, but nothing but an express unequivocal undertaking to that effect would warrant such a conclusion.

Good cause appearing,

IT IS ORDERED:

1. Summary judgment will be granted to plaintiff against defendant partnership.

2. The counterclaims of defendant partnership and Robert J. Gordon will be dismissed.