W. Vincent Grady, S.
The claim of Frank Botunno Co. in the sum of $1,544.55 against this estate has been rejected, and the matter referred to the Surrogate by agreement of the respective parties, and Richard F. Bussell, Esq., of 11 Market Street, Poughkeepsie, New York, having appeared for the executrix herein, and James T. Aspbury, Esq., of 8 Lafayette Place, Poughkeepsie, New York, having appeared for the claimant, and the matter having been heard by the court on April 3, 1958, and continued on April 17, 1958, and after hearing the testimony, and the arguments of respective counsel, the court decides and finds as follows:
It appears that Frank Botunno and two brothers and a sister do business as partners under the firm name and style of Frank *715 Rotunno Co. It is alleged that they performed certain work, labor and services and supplied certain materials to certain properties of Lester Phillips, deceased, recently of Pleasant Valley, New York, during his lifetime.
Claimant concedes that he is estopped, by reason of section 347 of the Civil Practice Act, from alleging the contract between the claimant and the decedent, and is limited to prove the work done through other witnesses. Claimant’s foreman testified that he supervised the work done on the property of decedent and submitted daily worksheets to claimant’s bookkeeper for entry in the claimant’s ledger. These work sheets covered materials and labor in connection with the decedent’s property, commonly known as the ‘ ‘ Dentist Store, ’ ’ and to an apartment in what is termed the “ Grill Building.”
Claimant’s foreman then qualified as an expert based on his many years of experience in this kind of work and without objection stated that the amounts claimed covering $537.80 for the alterations to the store, and $1,006.75 covering alterations to the apartment, were reasonable in amount.
Claimant’s present bookkeeper was then sworn and testified that it was her duty to regularly make entries in claimant’s ledger of all items submitted by claimant’s foreman covering the various jobs handled by the company, and that the bills submitted to this estate correspond to claimant’s ledger sheets and the amounts thereon keyed to said ledger sheets. The bookkeeper also identified the handwriting on the ledger sheets of a deceased bookkeeper who was employed by the claimant during the period that the entries were made reflecting on this claim. She testified as to correctness of claimant’s bill of $1,544.55 against the estate of decedent.
No proof was offered that the work was not done or that the materials were not furnished by claimant to properties of decedent during his lifetime. There was no proof to show that claimant’s bill is unreasonable in amount. There also was no proof that payment had been made of the amounts claimed.
The only defense offered to the bill of claimant, is that decedent did not order the work and that it was done at the request of decedent’s daughter who was left out of the will, and that bills for the work were not sent until after decedent’s death.
It appears that Lester Phillips, the decedent, died on October 12, 1954, while the work of claimant was completed in 1953. Copies of bills alleged to have been sent to decedent during his lifetime were admitted in evidence, covering both jobs.
*716 Therefore, it becomes a question as to whether this is a debt of the estate. Subdivision 3 of section 314 of the Surrogate’s Court Act states: “ The word ‘ debts ’ includes every claim and demand upon which a judgment for a sum of money, or directing the payment of money, could be recovered in an action ”.
To prove the debt, the claimant relies on the provisions of section 374-a of the Civil Practice Act which provides: “ Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of said act, transaction, occurrence or event, if the trial judge shall find that it was made in the regular course of any business, and that it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event, or within a reasonable time thereafter.”
Section 374-a of the Civil Practice Act has been liberally applied to a wide variety of cases including admission of a ledger containing business entries, in an action for the agreed price and reasonable value of goods. (Warner Quinlan Co. v. Ben Charat, Inc., 143 Misc. 443.)
It appears to the court that decedent’s estate would be unjustly enriched by permitting the property of decedent to be improved during his lifetime, with his knowledge, unless his estate were held responsible for the reasonable value of the work done.
In Words and Phrases (1958 Supp. vol. 43), under Unjust Enrichment and in Corpus Juris Secundum (vol. 91, p. 490) it is stated that the underlying theory of the ‘ ‘ unjust enrichment ” doctrine, is that, where one expends money and labor in the improvement of the property of another in the face of an unenforcible contract, he is, on repudiation of the agreement by the owner, entitled to be reimbursed for improvements enhancing the value of the property. (Hardgrove v. Bowman, 10 Wash. 2d, 136.) And it further states that the doctrine of ‘ ‘ unjust enrichment ’ ’ is not contractual but is equitable in nature. (State v. Martin, 59 Ariz. 438.)
Clark on the New York Law of Contracts (vol. 2, § 1030, p. 1605) states that a quasi or constructive contract rests on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another.
It is the opinion of the court that the ledger entries were made in the regular course of business of claimant and therefore admissible, and that the testimony of the foreman identifies the work done for ddeedent and the reasonable value thereof.
*717 Therefore, the motion to dismiss the claim, for lack of contractual relationship between deceased and claimant, should be denied and that the claimant should be paid the reasonable value of. its services in the, amount of $1,544.55,
Submit order accordingly.