**CENTURY INSURANCE AGENCY, INC.,**
a corporation, Appellant,

v.

**CITY COMMERCE CORPORATION,**
Appellee.

No. 485.

Supreme Court of Alaska.

Nov. 6, 1964.

Chancy Croft, Burr, Boney & Pease, Anchorage, for appellant.

Kenneth McCaskey, Robison, McCaskey & Lewis, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

■ The main question on this appeal is whether a lessor is liable for the payment of premiums on a fire insurance policy procured by the lessee on the leased property in accordance with the terms of the lease, where the insurance is taken out in the lessor's name and for its benefit and the policy is delivered to the lessor. Our answer is that the lessor is not liable unless it has contracted to pay the premiums.[1]

■■ Such a contract, the existence of which is essential for imposition of liability on the lessor, is missing in this case. In order for there to be a contract there must have been a promise by the lessor to pay the insurance premiums.[2] There is no evidence that any such promise was made by the lessor here, the appellee City Commerce Corporation. The insurance was purchased from appellant solely by the lessee, Johnson, without any assistance or advice from appellee. At no time did appellee expressly undertake to be responsible for payment of the insurance premiums. Nor is there evidence of any conduct on appellee's part which reasonably would have justified appellant in understanding that appellee intended to assume that responsibility.[3] The fact that the insurance policy was issued in appellee's name and for its benefit and delivered to appellee did not give rise to a justifiable expectation on appellant's part that appellee had undertaken to pay the cost of the insurance. There was no reasonable basis for any such expectation when appellee had dealt solely with Johnson, the lessee, in making up the insurance policy and arranging for installment payments of the premiums by Johnson, and when the written lease, which appellant presumably had access to through Johnson, in express and unambiguous terms made it clear that the obligation of paying for the insurance was Johnson's and not appellee's.

■ Appellant contends that a contract existed by reason of the fact that it was the custom in the area where the lease was made for lessors to pay for insurance premiums when the lessees failed to do so. Appellant does not tell us, however, how such a custom brings into existence the elements essential to the formation of a contract. For example, before there could be a contract between appellee and appellant as to the payment of insurance premiums, it would be essential that the parties had manifested their mutual assent to the formation of the contract by acts that were intentionally done.[4] The existence of the custom relied upon by appellant in no way establishes the doing of any such acts, and therefore has no bearing whatever on the requirement of mutual assent. Appellant's only authority for the proposition it urges here is our decision in Spenard Plumbing & Heating Co. v. Wright.[5] That case is inapposite. There an offer had been made to construct a building and the custom referred to in the case dealt with the mode of accepting such offer. Here the elements of offer and acceptance are not involved.

1. Northern Assur. Co. v. Goelet, 69 App. Div. 108, 74 N.Y.Supp. 553 (1902); Wharen v. Markle Banking & Trust Co., 145 Pa.Super. 99, 20 A.2d 885, 887 (1941).

2. Restatement, Contracts § 1 (1932) defines a contract as follows:
"A contract is a promise or a set of promises for the breach of which the law gives a remedy, or the performance of which the law in some way recognizes as a duty."

3. Restatement, Contracts § 5 (1932) provides:
"Except as stated in § 72(2), a promise in a contract must be stated in such words either oral or written, or must be inferred wholly or partly from such conduct, as justifies the promisee in understanding that the promisor intended to make a promise."

4. Restatement, Contracts § 20 (1932) provides:
"A manifestation of mutual assent by the parties to an informal contract is essential to its formation and the acts by which such assent is manifested must be done with the intent to do those acts.
* * *"

5. 370 P.2d 519, 523–524 (Alaska 1962).

■ Appellant next contends that appellee wrongfully terminated the lease with Johnson and that this resulted in appellee becoming liable to appellant for the unpaid insurance premiums. The basis for this contention is appellant's theory that since the lease required the purchase of insurance, it was obvious that appellee and Johnson intended that the benefit of premium payments would accrue to the chosen insurer (which happened to turn out to be appellant), thus making appellant a third party creditor beneficiary to the lease contract. Appellee's wrongful termination of the lease, appellant argues, wrongfully deprived appellant of the premium payments to which it was entitled by destroying Johnson's means of income with which to pay the premiums.

■ Appellant's contention is untenable. The lease required only that Johnson purchase insurance protection for the benefit of appellee. There is no evidence that the parties to the lease either intended or contemplated that one purpose of the lease would be to benefit a third party. Appellant was not a third party creditor beneficiary to the lease contract.[6] Appellant was at best an incidental beneficiary and as such can claim no damage from the alleged breach of the contract.[7]

Appellant's final point is that the lower court erred in granting appellee's motion for summary judgment because the affidavits submitted by each party showed factual issues to exist as to the questions of custom, implied contract and breach of the lease contract.

■ Summary judgment may be granted when it is shown that there is no genuine issue as to any material fact.[8] Under the view we have taken of this case, it is apparent that the alleged factual issues are not material to a proper disposition of this controversy. Summary judgment was properly granted.

The judgment is affirmed.

6. 2 Williston, Contracts § 356A (3d ed. 1959); Restatement, Contracts § 133 (1932). See United States v. Aleutian Homes, 193 F.Supp. 571, 576 (D.Alaska 1961).

7. Restatement, Contracts § 147 (1932); 2 Williston, Contracts §§ 402–403 (3d ed. 1959); Henry C. Smither Roofing Co. v. Helen Realty Co., 90 Ind.App. 52; 168 N.E. 44 (1929).

8. Civ.R. 56; Ransom v. Haner, 362 P.2d 282, 289–290 (Alaska 1961).