Frederick E. SAEFKE, Jr., Plaintiff
and Appellant,

v.

Gerald W. VANDE WALLE and Ben Mei-
er, as Secretary of State of the State of
North Dakota, Defendants and Appel-
lees.

Civ. No. 9619.

Supreme Court of North Dakota.

May 21, 1979.

Rehearing Denied June 18, 1979.

Frederick E. Saefke, Jr., pro se.

Vogel, Brantner, Kelly, Knutson, Weir &
Bye, Ltd., Fargo, for defendant and appel-
lee Gerald W. VandeWalle; argued by Mart
R. Vogel.

Allen I. Olson, Atty. Gen., Bismarck, for
defendant and appellee Ben Meir; argued
by Murray G. Sagsveen, Solicitor, Bis-
marck.

PER CURIAM.

█ Gerald W. VandeWalle was elected
a justice of the Supreme Court of North
Dakota at the November 1978 general elec-
tion. He has since been serving as a justice
of the Supreme Court. An election contest
was initiated shortly after the November
election by an elector, Frederick E. Saefke,

Jr., in which he contends that Gerald W. VandeWalle was guilty of corrupt practices during his campaign for office. The trial court dismissed the contest of election. We are asked to reverse the district court's decision and to proclaim the justice ineligible to hold his present position on the Supreme Court. At the outset, it is to be noted that the parties find no disagreement with the trial court's findings of fact. The parties do differ, however, with that court's conclusions of law. On appeal, findings of fact may not be set aside unless "clearly erroneous." Conclusions of law, however, do not have the benefit of the "clearly erroneous" rule and are fully reviewable. This standard has been applied in this case. *Northwestern Bell Telephone Company v. The Board of Commissioners of the City of Fargo*, 211 N.W.2d 399 (N.D.1973); *Bottineau Public School District No. 1 v. Currie*, 259 N.W.2d 650 (N.D.1977).

The alleged corrupt practices are based upon the fact that prior to the November election Justice VandeWalle presented through the television media a campaign talk to the voters while he was seated at the bench in the Supreme Court and wearing his black robe. At that time Justice VandeWalle was actually a justice of the Supreme Court by virtue of his appointment to that office by the Governor of North Dakota in August 1978. The law of the state requires that an appointee to the Supreme Court must be elected at the next general election if he wishes to retain the office. Justice VandeWalle did have opposition but was elected by a decisive vote.

The contestant contends that in broadcasting from the courtroom he violated provisions 16–20–01(5) and 16–20–01.1 North Dakota Century Code:

"16–20–01. Corrupt practice—What constitutes.—A person shall be guilty of corrupt practice within the meaning of this chapter, if he:

1. Expends any money for election purposes contrary to the provisions of this chapter;

2. Is guilty of treating;

3. Is guilty of undue influence;

4. Is guilty of impersonation; or

5. Is guilty of the use of state services or property for political purposes."

"16–20–01.1. Use of state services or property for political purposes.—

1. No person shall use any property belonging to or leased by, or any service which is provided to or carried on by, either directly or by contract, the state or any agency, department, bureau, board, or commission thereof, for any political purpose.

2. The following definitions shall be used for the purposes of this section:

a. 'Property' shall include, but is not limited to, motor vehicles, telephones, typewriters, adding machines, postage or postage meters, funds of money, and buildings. However, nothing in this section shall be construed to prohibit any candidate, political party, committee, or organization from using any public building for such political meetings as may be required by law, or to prohibit such candidate, party, committee, or organization from hiring the use of any public building for any political purpose if such lease or hiring is otherwise permitted by law.

b. 'Services' shall include, but is not limited to, the use of employees during regular working hours for which such employees have not taken annual or sick leave or other compensatory leave.

c. 'Political purpose' means any activity directly undertaken by a candidate for any office in support of his own election to such office, or aid and assistance to any candidate, political party, political committee, or organization but shall not include activities undertaken in the performance of a duty of state office."

Subsection (5) of Section 16–20–01 and all of Section 16–20–01.1 were enacted into law by the 1975 legislature.

The contestant claims that VandeWalle unduly influenced the electorate.

We find that the electors of the state were not misled or unduly influenced by the fact that the Justice was photographed wearing his accustomed black robe while seated at the bench in the courtroom. It was not untruthful or deceptive. He was a Justice of the Supreme Court. It is common practice for a judge to wear a robe in campaign photographs. It is like a sheriff who wears a uniform and badge while campaigning for reelection. It is not wrong for a candidate to thus inform the voters that he already occupies the office to which he seeks reelection.

■ The contestant contends that VandeWalle violated the above Corrupt Practices Act by the "use" of state property for political purposes. Counsel for the contestant and for VandeWalle argue extensively as to the meaning of the word "use" and what it encompasses. We believe that it was the primary intent of the legislature that there should not be a misuse of public funds or a financial misuse of public property for political purposes. It would be frivolous to argue there was wear and tear of the bench. There was no evidence presented as to the electricity consumed, if any, while the short 30-second video tape was taken. But assuming there was, the trial court aptly described such use as "miniscule." We have a maxim in the North Dakota Code that the law should disregard trifles. Section 31–11–05(24) North Dakota Century Code.

However, contestant argues that the mere "use" of the courtroom is a violation in itself of the Act.

■ It is a matter of common knowledge that governors and state officials are often interviewed and photographed in their respective offices during election campaigns or in regard to political matters. It would be unrealistic to contend that a governor could not answer political questions proposed by reporters while he sat at his desk in the State Capitol. Legislators and state officials are shown sitting at their desks in campaign literature. State officials and members of the legislature are often interviewed by the media on political matters in the halls, chambers, and offices of the State Capitol. We mention these common occurrences because surely if the legislature intended such "use" of state property to be a violation of the Corrupt Practices Act, it would have so provided in specific and clear terms. We hold that it was not the purpose or intent of the legislature for the Act to be given the broad construction asserted by the contestant on this appeal. A Corrupt Practices Act is penal in nature and should be strictly construed. The construction of such statute should be reasonable. 26 Am.Jur.2d § 288, p. 113. As a matter of public policy, elections are not lightly set aside, especially when they have been so held as to afford a free and fair expression of popular will. 29 C.J.S. § 249 Elections.

There are other defenses raised by counsel for VandeWalle, including the contention that a Supreme Court Judge can only be removed from office through impeachment proceedings under Section 196 of the North Dakota Constitution. However, we have chosen to decide this case on its merits. We hold there was not a violation of the Corrupt Practices Act. The decision of the district court dismissing the action is affirmed.

All judges concur.

ILVEDSON, Acting C. J., and HEEN, BAKKEN, ECKERT and MUGGLI, all District Judges, sitting for ERICKSTAD, C. J., and PAULSON, PEDERSON, SAND, and VANDE WALLE, JJ., disqualified.