**MIDLAND DIESEL SERVICE & ENGINE COMPANY, a North Dakota corporation, d/b/a Midland Diesel Service, Plaintiff, Appellee and Cross-Appellant,**

v.

**Gilbert SIVERTSON, d/b/a J & S Trucking of Landa, North Dakota, Defendant, Appellant and Cross-Appellee.**

Civ. No. 9930.

Supreme Court of North Dakota.

June 25, 1981.

Farhart, Rasmuson, Lian & Maxson, Minot, for plaintiff, appellee and cross-appellant; argued by Moody M. Farhart, Minot.

John R. Gregg, Bottineau, for defendant, appellant and cross-appellee.

PEDERSON, Justice.

Gilbert Sivertson appeals from a district court award of $3,090 to Midland Diesel Service based on a determination of unjust enrichment. We affirm.

In late April, 1979, Dale Nesdahl, manager of Midland Diesel Service in Minot, received a phone call from John Sivertson, son of the appellant Gilbert Sivertson. Nesdahl stated at trial that he did not recall knowing who the caller was. The younger Sivertson was looking for a diesel motor to put in a truck stranded at Grand Forks. Midland had the type of motor he sought. Gilbert appeared the next day at Midland to pick up the motor and it was turned over to him on credit. Nesdahl testified that credit was extended because he knew Gilbert was a farmer and thus a good risk. The cost of the motor was, with tax, $3,090. Gilbert signed an invoice indicating receipt of the motor. He told Nesdahl that the motor was for J & S Trucking, and the invoice shows J & S Trucking as the buyer. Gilbert then delivered the motor to his son in Grand Forks where it was installed in the truck.

At all times up to the present, title to the truck has been in the name of Gilbert Sivertson. The motor obtained from Midland remains in the truck. The transcript of trial discloses that son John used his father's truck to carry on a business named J & S Trucking. Though no formal partnership appears to have been formed, Gilbert was to receive from John one-third of the monthly profits derived from use of the truck. J & S Trucking went into bankruptcy in the spring of 1980 and Gilbert now has the truck.

When Midland was not paid it sued Gilbert to recover the amount of $3,090. Trial was without a jury. The court's findings of fact and conclusions of law were as follows:

"FINDINGS OF FACT

"I.

"That on April 25, 1979, the Defendant, Gilbert Sivertson, obtained from the Plaintiff one (1) Detroit engine, Model No. 7087–7503, Serial No. 8VA192362. That said engine was billed to J & S Trucking with Defendant signing an acknowledgment of receipt for the same.

"II.

"That said engine obtained by Defendant, Gilbert Sivertson, from the Plaintiff was installed in a truck owned by Gilbert Sivertson; that the Defendant received a direct benefit or improvement to his property and is, therefore, liable to the Plaintiff under the doctrine of unjust enrichment.

"III.

"That the reasonable value of the engine plus tax is Three Thousand Ninety Dollars ($3,090.00).

"From the foregoing findings of fact, the court concludes at law:

"I.

"That the Plaintiff, Midland Diesel Service & Engine Company, a North Dakota corporation, d/b/a Midland Diesel Service, shall have judgment against the Defendant, Gilbert Sivertson, in the sum of Three Thousand Ninety Dollars ($3,090.00), together with statutory costs and disbursements herein."

A trial court's findings of fact are not set aside unless clearly erroneous. Rule 52(a), NDRCivP. Conclusions of law, however, are fully reviewable. *Saefke v. Vande Walle*, 279 N.W.2d 415 (N.D.1979). The label appended by the trial court to a given determination is not binding on this court; the substance of a ruling, not its label, controls the scope of review. *Olson v. Peterson*, 288 N.W.2d 294, 296 (N.D.1980). A determination of unjust enrichment is necessarily a conclusion of law for it holds that a certain state of facts is contrary to

equity. A conclusion that unjust enrichment has occurred is tantamount to a declaration of a contract implied in law, or a quasi contract. *Gate City S. & L. Ass'n v. International Bus. Mach. Corp.*, 213 N.W.2d 888, 893 (N.D.1973). It is not merely a description of what is or is not the case, but rather what ought or ought not to be the case. The court's decision, then, that Gilbert was unjustly enriched, is fully reviewable.

The doctrine of unjust enrichment serves as a basis for requiring restitution of benefits conferred in the absence of an express or implied in fact contract. *Beck v. Lind*, 235 N.W.2d 239, 250 (N.D.1975). The doctrine is invoked "when a person has and retains money or benefits which in justice and equity belong to another." *Schlichenmayer v. Luithle*, 221 N.W.2d 77, 83 (N.D. 1974). See also, *Schneider v. Striefel*, 302 N.W.2d 405, 408 (N.D.1981), and *A & A Metal Bldgs. v. I-S, Inc.*, 274 N.W.2d 183, 188 (N.D.1978). A complainant need not show fraud or other misconduct on the part of the recipient to recover. *Richland County v. State*, 180 N.W.2d 649, 655 (N.D.1970). It is sufficient if the latter has, without justification, obtained a benefit at the direct expense of the former, who then has no legal means of retrieving it. See, *A & A Metal Bldgs., supra*, at 189.

Turning to the facts of this case, we agree with the district court that Gilbert has been enriched at Midland's expense. Gilbert argues that he has secured no net gain, that he loaned a truck with a working motor and got back a truck with a working motor. At trial he testified that he did not receive any money from John pursuant to their plan for dividing the profits of J & S Trucking. However, unjust enrichment includes not only the conferral of a positive benefit, but also the prevention of expense or loss. Restatement, Restitution, § 1b, p. 12; see, *Opelika Production Credit Ass'n, Inc. v. Lamb*, 361 So.2d 95, 99 (Ala.1978). Certainly if John was unable to pay the Midland bill, it would have been no more possible for him to pay *Gilbert's* cost of

replacing the motor. Gilbert then has been spared this expense, and he admittedly has retained possession of the truck from which, presumably, he is now realizing gain.

■ No justification exists for Gilbert's retention of the improvement to the truck. Of course, a third party who derives gain from an agreement between others has not necessarily been unjustly enriched. See, *Commercial Fixtures & Furnishings, Inc. v. Adams*, 564 P.2d 773, 774 (Utah 1977). If, however, the third party has participated somehow in the transaction through which the benefit is obtained, that fact must be considered by the court. *Commercial Fixtures and Furnishings, Inc., supra.* Here Gilbert requested the motor and signed for its receipt, and was to profit from its use by John. Consequently, we can discern no good reason to permit Gilbert's retention of the motor without cost.

■ Finally, recovery on the basis of unjust enrichment presupposes that no alternative remedy is available. *A & A Metal Bldgs., supra.* The record indicates the trial court considered liability under the theories of contract, ostensible partnership, and fraud. Apparently it concluded that these did not apply, and we cannot say that the trial court erred in this respect.

■ Midland cross-appeals from "that portion of the Judgment entered by the District Court ... which fails to provide interest from April 25, 1979, to date of entry of Judgment." Section 32–03–05, NDCC, leaves the granting of interest on "an obligation not arising from contract" to the discretion of the court. Midland cites § 32–03–04, NDCC, as a basis for claiming interest from the date Gilbert procured the motor.

> "Every person who is entitled to recover damages certain or capable of being made certain by calculation, the right to recover which is vested in him upon a particular day, also is entitled to recover interest thereon from that day, except for such time as the debtor is prevented by law or by the act of the creditor from paying the debt."

Recovery on unjust enrichment is an equitable allowance expressly unrelated to any previous obligation. Midland thus did not have a "vested" right of recovery until judgment was rendered. The trial court did not abuse its discretion.

The judgment is affirmed.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.