422 So.2d 752 (1982)
A. COPELAND ENTERPRISES
v.
PICKETT & MEADOR, INC.
No. 53886.
Supreme Court of Mississippi.
December 1, 1982.
Brown & McDonnell, John G. McDonnell, Biloxi, for appellant.
Lambert & McPhail, Paul Richard Lambert, Hattiesburg, for appellee.
Before WALKER, BROOM and HAWKINS, JJ.
WALKER, Presiding Justice, for the Court:
This case is an appeal from the Circuit Court of Forrest County, Mississippi, wherein the appellant, A. Copeland Enterprises, was ordered to pay $5,927.11 back insurance premiums to the plaintiff/appellee, Pickett & Meador, Inc. Feeling aggrieved, the appellant has perfected his appeal. We reverse.
*753 The facts as stipulated by the parties show that the appellant, A. Copeland Enterprises, entered into a franchise agreement with Mendoza, Overton & Mendoza, Inc., d/b/a Popeye's Famous Fried Chicken of Mississippi, Inc. (hereinafter referred to as Mendoza), in which the latter would operate Popeye's franchises in the greater Hattiesburg area. Part of the franchise agreement consisted of Copeland's "insurance requirements" in which Mendoza, et al., was required to have Copeland named as an additional insured in all of its insurance policies. Copeland also required Mendoza to include in each policy a clause which stated that written notice must be forwarded to Copeland thirty days prior to the cancellation of any of Mendoza's insurance policies[1] instead of the standard five or ten day notice on most policies.
The record showed various letters of communication between Copeland's insurance department and Pickett & Meador, Inc. (insurance agent) concerning the current status of various policies, but there existed no contract for insurance coverage between Copeland and Pickett & Meador. After Mendoza defaulted on the outstanding premiums, the appellee, Pickett & Meador, filed suit against Mendoza and Copeland and later received two default judgments against Mendoza.[2] However, Copeland answered the declaration and generally denied the allegations as set forth by Pickett & Meador.
On appeal the only issue is whether an additional insured (Copeland) is liable for delinquent insurance premiums when the person obtaining the insurance (Mendoza) fails to pay the policy premiums. This question is one of first impression in Mississippi.
The Supreme Court of Alaska when faced with a similar question as the one before this Court stated:
The main question on this appeal is whether a lessor is liable for the payment of premiums on a fire insurance policy procured by the lessee on the leased property in accordance with the terms of the lease, where the insurance is taken out in the lessor's name and for its benefit and the policy is delivered to the lessor. Our answer is that the lessor is not liable unless it has contracted to pay the premiums.
Such a contract, the existence of which is essential for imposition of liability on the lessor, is missing in this case. In order for there to be a contract there must have been a promise by the lessor to pay the insurance premiums. There is no evidence that any such promise was made by the lessor here, the appellee City Commerce Corporation. The insurance was purchased from appellant solely by the lessee, Johnson, without any assistance or advice from appellee. At no time did appellee expressly undertake to be responsible for payment of the insurance premiums. Nor is there evidence of any conduct on appellee's part which reasonably would have justified appellant in understanding that appellee intended to assume that responsibility. The fact that the insurance policy was issued in appellee's name and for its benefit and delivered to appellee did not give rise to a justifiable expectation on appellant's part that appellee had undertaken to pay the cost of the insurance. (Century Insurance Agency, Inc. v. City Commerce Corp., 396 P.2d 80, 81 (Alaska 1964)).
See also Stevens Insurance, Inc. v. Howells, 155 Mont. 494, 473 P.2d 523 (1970).
No case authority has been cited by appellant nor does our research reveal any that upholds Pickett & Meador's contention that the additional insured (Copeland) is liable for the default in payment of insurance premiums by the person obtaining the insurance in the absence of a contractual *754 relationship between the additional insured and the insuror. Numerous cases have been cited by the appellant dealing with a mortgagor/mortgagee relationship. However, the liability of a mortgagee in Mississippi for payment of unpaid insurance premiums is covered by Mississippi Code Annotated section 83-13-9 (1972).[3] We have no such statute making additional insureds such as Copeland liable for nonpayment of premiums.
We are of the opinion that there was no promise by the additional insured to pay premiums, nor was there an express or implied contract between the parties and this Court will not draft a contract between two parties where they have not manifested a mutual assent to be bound. See Restatement of Contracts (Second) § 21 (1981).
Liability to pay premiums results only from contract, express or implied, and no duty is cast upon an additional insured to inquire whether the premiums of the named insured are paid, nor are they liable for the outstanding premiums in the event of named insured's default in the absence of a contract.
The judgment against Copeland in favor of Pickett & Meador is therefore reversed and set aside.
REVERSED AND RENDERED.
PATTERSON, C.J., SUGG, P.J., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.
NOTES
[1] These policies included coverages for comprehensive auto liability, contractors license bond, fire, vandalism and malicious mischief, builders risk, workmen's compensation and a comprehensive crime policy.
[2] The two default judgments against Mendoza were for $969.78 and $4,975.33 respectively.
[3] See Hennessey v. Helgason, 168 Miss. 834, 151 So. 724 (1934).