HOME INSURANCE OF DICKINSON, A DIVISION OF WARNER & COMPANY, Plaintiff and Appellee,

v.

Eugene SPELDRICH and Ann Speldrich, d/b/a/ Speldrich Trucking, Defendants,

and

David Speldrich, Lawrence Speldrich, and Vernon Speldrich, Defendants and Appellants.

Civ. No. 880054.

Supreme Court of North Dakota.

Feb. 10, 1989.

Vince H. Ficek, Dickinson, for plaintiff and appellee.

David F. Senn, of Baird & Senn, Dickinson, for defendants and appellants.

VANDE WALLE, Justice.

David, Lawrence, and Vernon Speldrich appealed from a county court judgment holding them jointly and severally liable to Home Insurance of Dickinson [Home Insur-

ance] for $3,142 in unpaid vehicle insurance premiums. We reverse.

In January 1983 Eugene Speldrich, father of the appellants, obtained from Fireman's Fund Insurance Companies [Fireman's Fund] general liability, automobile liability, and physical-damage insurance coverage for vehicles used in his business, Speldrich Trucking. The original policy was issued in the name of Eugene Speldrich, d/b/a Speldrich Trucking. Home Insurance acted as Eugene's agent.

In January 1984, at Eugene's request, the "named insured" in the policy was changed to read "Eugene, Ann, David, Lawrence, and Vernon Speldrich, DBA: Speldrich Trucking." The reason for the change was that title to several of the vehicles had been placed in the names of David, Lawrence, and Vernon, who occasionally worked for Speldrich Trucking. According to Eugene, the titles to the various vehicles were placed in his sons' names because, at that particular time, he, unlike his sons, was unable to obtain financing for those vehicles. Eugene also requested that insurance coverage be added for some vehicles and dropped for others.

Eugene paid the premium for the February 1984 to February 1985 policy year. Eugene requested that the policy be renewed for the February 1985 to February 1986 policy year and Home Insurance paid the premium to the insurer, Fireman's Fund. During the course of that year several vehicles were either added or dropped from insurance coverage at Eugene's request. Home Insurance billed Speldrich Trucking in installments for the premiums due, but received no payments. Home Insurance informed Eugene that it would not renew the policy for the next year unless he paid the premium for the past policy year. Eugene did not do so and the policy was not renewed.

In April 1986 Home Insurance brought this action against Eugene, Ann, David, Lawrence, and Vernon Speldrich, d/b/a Speldrich Trucking, seeking $8,789.21, which represented the unpaid insurance premiums plus late-payment charges. Eugene and his wife, Ann, subsequently filed for bankruptcy and listed Home Insurance as a creditor. Their debts were ultimately discharged by the bankruptcy court. David, Lawrence, and Vernon defended on the ground that because they did not enter into the insurance contract with Home Insurance, they could not be held legally responsible for Eugene's debt.

Following a bench trial, the trial court found that the "insurance services provided by Home Insurance covered vehicles of all of the Defendants," including "[t]hose utilized in the commercial trucking operation; those utilized in the family farm operation; and Defendants' personal vehicles." The court found that David, Lawrence, and Vernon individually owned six vehicles[1] covered by the insurance policy and determined that "said Defendants separately and together utilized the business of Speldrich Trucking as a means to insure the vehicles." The court further determined that David, Lawrence, and Vernon "received the benefits of the services provided by Home Insurance" and found them "jointly and severally liable" in the amount of $3,142, representing the amount of unpaid premiums for the six vehicles titled in their names. David, Lawrence, and Vernon have appealed.

Although it is not entirely clear from the findings and conclusions upon what theory the trial court premised liability,[2] we agree with the appellants that the trial court apparently based liability upon the doctrine of unjust enrichment.

■ Unjust enrichment is a broad, equitable doctrine which rests upon quasi or constructive contracts implied by law to

---

**1.** The vehicles are described in the findings as follows:
"1979 GMC tractor
"1973 IHC
"1977 Ford 9000
"1978 Hawkeye Hopper Bottom
"1972 Ford truck with gravel box

"1979 White Freightliner".

**2.** Home Insurance argued to the court that the appellants should be liable either on the theory of a joint and several contract under § 9-01-04, N.D.C.C., or, alternatively, on the theory of unjust enrichment.

prevent a person from unjustly enriching himself at the expense of another. *Cavalier County Memorial Hospital Association v. Kartes*, 343 N.W.2d 781 (N.D.1984). The doctrine serves as a basis for requiring restitution of benefits conferred in the absence of an express or implied contract. *D.C. Trautman Co. v. Fargo Excavating Co.*, 380 N.W.2d 644 (N.D.1986). To recover under a theory of unjust enrichment one must prove the following five elements: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) absence of a justification for the enrichment and impoverishment; and (5) an absence of a remedy provided by law. *A & A Metal Buildings v. I–S, Inc.*, 274 N.W.2d 183 (N.D.1978). A showing of fraud or other misconduct on the part of the person alleged to have been unjustly enriched is not a prerequisite to recovery under the doctrine. *Sykeston Township v. Wells County*, 356 N.W.2d 136 (N.D.1984). A trial court's decision that a party has or has not been unjustly enriched is fully reviewable by this court. *Midland Diesel Service & Engine v. Sivertson*, 307 N.W.2d 555 (N.D.1981).

The appellants assert that because they were not parties to the express insurance contract between Eugene and Home Insurance, they cannot be held liable even though they may have gained a benefit. Although this may be the general rule, it is not applicable in every case.

■ In *Midland Diesel Service & Engine v. Sivertson, supra,* we recognized that a third party who derives gain from an agreement between others has not necessarily been unjustly enriched. But we also noted that if "the third party has participated somehow in the transaction through which the benefit is obtained, that fact must be considered by the court." *Midland Diesel Service & Engine v. Sivertson, supra,* 307 N.W.2d at 558. Actual participation in the transaction, however, is not the only basis that a party can be unjustly enriched under an agreement between others. In *Paschall's, Inc. v. Dozier*, 219 Tenn. 45, 407 S.W.2d 150, 154–155 (1966), the court stated:

"Indisputably, where one is afforded recovery from the person with whom he has a contract, he cannot also recover from third persons incidentally benefited by his performance. In such a case it could hardly be said that the retention of the benefit by the third party is unjust as to the furnisher. However, the situation is dissimilar where a person furnishes materials and labor under a contract for the benefit of a third party, and that contract becomes unenforceable or invalid. In that situation there is certainly no reason to preclude the furnisher or subcontractor from seeking recovery against the third person on the theory of quantum meruit [*i.e.,* unjust enrichment]."

See also, *Karon v. Kellogg,* 195 Minn. 134, 261 N.W. 861 (1935); *In Re Phillips' Estate,* 10 Misc.2d 714, 173 N.Y.S.2d 632 (1958); *DeGasperi v. Valicenti,* 198 Pa.Super. 455, 181 A.2d 862 (1962); 66 Am.Jur.2d *Restitution and Implied Contracts* § 16 (1973).

However, in the field of insurance law, although among the few cases considering the problem we have been unable to find a decision which analyzes the issue in unjust-enrichment terms, there is apparent unanimity that the named insured is not liable for payment of premiums where that insured has not contracted to pay premiums. In *Century Insurance Agency, Inc. v. City Commerce Corp.,* 396 P.2d 80 (Alaska 1964), a case similar factually to the case before us concerning the dealings between the insurer and the named insured, the insurer brought an action against a landlord to recover a premium on a policy procured by the tenant as required by the lease. Because the landlord had not contracted to pay the premiums the Alaska Supreme Court affirmed the judgment for the landlord stating:

"Such a contract, the existence of which is essential for imposition of liability on the lessor, is missing in this case. In order for there to be a contract there must have been a promise by the lessor to pay the insurance premiums. There is no evidence that any such promise was made by the lessor here, the appellee City Commerce Corporation. The insur-

ance was purchased from appellant solely by the lessee, Johnson, without any assistance or advice from appellee. At no time did appellee expressly undertake to be responsible for payment of the insurance premiums. Nor is there evidence of any conduct on appellee's part which reasonably would have justified appellant in understanding that appellee intended to assume that responsibility. The fact that the insurance policy was issued in appellee's name and for its benefit and delivered to appellee did not give rise to a justifiable expectation on appellant's part that appellee had undertaken to pay the cost of the insurance. There was no reasonable basis for any such expectation when appellee had dealt solely with Johnson, the lessee, in making up the insurance policy and arranging for installment payments of the premiums by Johnson, and when the written lease, which appellant presumably had access to through Johnson, in express and unambiguous terms made it clear that the obligation of paying for the insurance was Johnson's and not appellee's." 396 P.2d at 81 (footnotes omitted).

In *Stevens Insurance, Inc. v. Howells*, 155 Mont. 494, 473 P.2d 523 (1970), the Montana Supreme Court, relying on *Century Insurance Agency, Inc. v. City Commerce Corp., supra*, reversed a lower court judgment in favor of an insurance agency against a vendor under a contract for deed to recover premiums on policies taken out by the purchaser naming the vendor as a coinsured in accordance with the contract for deed. The court reversed despite the fact that the vendor actually participated in the contract and negotiations between the purchaser and the insurer, stating that "this does not change the status of a coinsured unless he has made an additional promise or contract to pay premiums of insurance." 473 P.2d at 528.

In *A. Copeland Enterprises v. Pickett & Meador*, 422 So.2d 752 (Miss.1982), the question on appeal was stated to be whether a lessor is liable for the payment of premiums on a fire insurance policy procured by the lessee on the leased property in accordance with the terms of the lease, where the insurance is taken out in the lessor's name and for its benefit and the policy is delivered to the lessor. The Mississippi court, relying on *Century Insurance Agency, Inc. v. City Commerce Corp., supra*, and *Stevens Insurance, Inc. v. Howells, supra*, concluded that the lessor was not liable unless it had contracted to pay the premiums. In so holding the Mississippi court observed:

"No case authority has been cited by appellant nor does our research reveal any that upholds Pickett & Meador's [the insurance agent] contention that the additional insured (Copeland) is liable for the default in payment of insurance premiums by the person obtaining the insurance in the absence of a contractual relationship between the additional insured and the insuror." 422 So.2d at 753–754.

And in *Midland Ins. Co. v. Universal Technology*, 199 Conn. 518, 508 A.2d 427 (1986), the Connecticut Supreme Court, also relying upon *Stevens Insurance, Inc. v. Howells, supra*, and *Century Insurance Agency, Inc. v. City Commerce Corp., supra*, concluded that a person named as an insured in a policy does not become liable for the premium due thereon by virtue of that fact alone.

■ We agree with the rationale of these decisions, and, like the courts in our sister States, we have discovered no authority to support the judgment rendered herein. Although the issue in this case may be cast in unjust-enrichment terminology, the same underlying contention was obviously present in all of the cases we have referred to. From a factual standpoint they present stronger arguments for recovery for there is, at best, considerable doubt as to whether or not David, Lawrence and Vernon were "enriched;" rather it appears the transactions, including the placing of the title to the vehicles in their names and the securing of insurance naming them as insureds, was for the benefit of Eugene, their father. The record before us does not indicate that Eugene was acting as the agent of his sons nor that Home Insurance believed Eugene was acting as

their agent; nor does the record support liability on a partnership theory. In the absence of an agency or a partnership or a contract to pay the premiums we conclude that there can be no liability on the part of David, Lawrence and Vernon to pay the premiums when Eugene failed to pay them.

The judgment is reversed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.