CARLTON, J.,
Dissenting.
¶ 22. I respectfully dissent. I submit that Sidney and Melanie Pace’s property settlement agreement is ambiguous and riddled with conflicting terms and is, therefore, unenforceable due to ambiguity. Simply put, the contradictions and ambiguity prevent this Court from ascertaining the parties’ intent. Moreover, a plain reading of the agreement fails to reflect that there was a meeting of the minds as to the terms. For example, the agreement provides that Melanie shall be awarded all assets and interest that Sidney has or may acquire in his businesses, professional associations, or corporations. Then, the agreement later states that Melanie shall waive any interest in Sidney’s medical practice and business. These terms stand in conflict with one another, and as a result, the chancellor modified certain provisions of the agreement. However, modification of such an ambiguous contract results in a contract written by the court, and it is not the purpose of the courts to make contracts for parties. HeartSouth, PLLC v. Boyd, 865 So.2d 1095, 1109(1141) (Miss.2003) (citations omitted).
1123. Further, since the agreement fails to reflect a meeting of the minds, “[a] court cannot ‘draft a contract between two parties where they have not manifested a mutual assent to be bound.’ ” Ivison v. Ivison, 762 So.2d 329, 336(1123) (Miss.2000) (quoting A Copeland Enterprises v. Pickett & Meador, Inc., 422 So.2d 752, 754 (Miss.1982)). I respectfully submit that due to the ambiguity and conflicting terms of the agreement, the parties’ intent cannot be ascertained, and the agreement fails to reflect mutual assent as to the terms. Hence, I would find the property settle *333 ment agreement unenforceable due to such ambiguity. Accordingly, I must dissent from the majority’s holding to affirm the chancellor’s judgment.